N. E. 385. The rule applied in the cases cited is that the petition is in the nature of a pleading, and conclusions of fact only need be stated, and not the evidence necessary to support them.

The only criticism made upon the petition is that it should have been alleged that the property was assessed at a higher proportionate rate than property in the city of Yonkers generally. To sustain this criticism we are referred to the case of People v. Badgley, 138 N. Y. 314, 33 N. E. 1076, where that rule was applied by the court of appeals. That case was, however, an appeal from an order which reduced an assessment, and what was said by the court had reference to the testimony in the case, and not to the allegation of the petition. We think that it was sufficient, to confer jurisdiction upon the court, that the allegation of overvaluation and inequality of assessment was set forth in the petition in the language of the statute. This conclusion renders it unnecessary to consider the question as to the amendment of the petition.

The order dismissing the writ must be reversed, with $10 costs and disbursements, and the order denying the motion to amend the petition must be affirmed, without costs. All concur.

---

(3 App. Div. 205.)

### MORRISON v. LONG ISLAND R. CO.

(Supreme Court, Appellate Division, Second Department. April 7, 1896.)

1. PERSONAL INJURIES—NEGLIGENCE IN FAILING TO CONSULT PHYSICIAN—EVIDENCE.

In an action for the loss of plaintiff's eye, caused by his being struck by a cinder from defendant's train, plaintiff testified that, after the injury, which occurred at between 3 and 4 o'clock in the afternoon, he was unable to see with the injured eye, and that soon thereafter the eye began to discharge pus; that, during the night he bathed his eye himself, and on the following day consulted a physician, who directed him to an oculist, whom he consulted the day after. *Held*, that the question whether defendant was negligent in failing to sooner consult a physician was for the jury.

2. SAME—DAMAGES.

In an action for personal injuries, the measure of damages for the loss of earning power is not a sum the income from which would be equal to the difference between the amount he could have earned if uninjured and that he is able to earn in his injured condition.

Appeal from trial term, Kings county.

Action by James H. Morrison against the Long Island Railroad Company. From a judgment for plaintiff entered on a verdict, and from an order denying a new trial, defendant appeals. Reversed.

Argued before BROWN, P. J., and PRATT, CULLEN, BARTLETT, and HATCH, JJ.

William C. Beecher, for appellant.

Charles J. Patterson, for respondent.

BROWN, P. J. The plaintiff, while standing upon Atlantic avenue, in the city of Brooklyn, was struck in the eye with a cinder, which he alleged was negligently permitted to escape from an engine upon the defendant's road. The result of the injury was the loss of the eye.

The accident occurred on January 9, 1894, between 3 and 4 o'clock in the afternoon. Immediately after the accident plaintiff went to a drug store, but nothing appears to have been there done for him. He then went to his home, and during the evening bathed his eye with hot water and Pond's Extract. He did not consult a physician until the following night. He was then advised to see a specialist, and on the afternoon of the next day, January 11th, he consulted Dr. Matthewson. There was no testimony introduced by either party to show that this delay aggravated the injury, or that the sight of his eye could have been saved had the plaintiff consulted a competent physician earlier than he saw Dr. Matthewson. The plaintiff testified that, from the time the accident occurred, he was practically unable to see with the injured eye, and that, within a half hour thereafter, it began to discharge freely.

It was the defendant's contention that the plaintiff's delay in consulting a physician had contributed to the loss of the eye, and the court was requested to charge that the plaintiff was bound to satisfy the jury, by a fair preponderance of proof, that the severe injury complained of was not in any manner caused by his own neglect, and that, if the plaintiff's delay in seeking medical assistance materially contributed to the loss of his eye, then he was negligent, and could not recover. In response to this request, the court stated correctly to the jury the general rule of law relating to the plaintiff's duty in that regard, and then added the following:

"I charge you, as matter of fact, and as matter of law, that the plaintiff did use in this case all the law required, did everything the law required him to do, and used those means which suggested themselves to him in the proper way."

To this instruction the defendant took an exception.

Upon the question of damages, the court instructed the jury as follows:

"If you find for the plaintiff on these issues, then you will give to him a fair sum of money to compensate him for the loss of earning power,—whatever he might have earned more than he can earn now by reason of having lost his eye,—his fair compensation in that regard; and you are to determine as best you can how much he could earn before he lost his eye, and how much he can earn since he lost his eye; that would be his loss of earning power. And when you ascertain that, you have a right to fix a sum the annual income which that earning power would produce to him."

And to this instruction the defendant excepted.

We are of the opinion that both exceptions were well taken. The burden rested upon the plaintiff to show that his neglect had not contributed to the injury, and the conclusion to be drawn from his testimony as to his conduct after receiving the injury was one of fact. The defendant was not called upon to show that the delay in consulting a physician necessarily aggravated the injury. It had a right to rest its case in that respect upon the plaintiff's evidence. The court was not authorized to determine, as a question of law, that that delay was not injurious to the plaintiff. The inference to be drawn from the testimony was wholly one of fact, and it was for the jury to determine.

The charge in respect to the rule to be applied in determining the plaintiff's damages was plainly erroneous. There is no doubt as to the meaning of the learned judge. He very plainly intended to permit the jury to capitalize the plaintiff's loss of earning power. That rule for measuring damages cannot be sustained. Gregory v. Railroad Co., 55 Hun, 303, 8 N. Y. Supp. 525.

The judgment and order must be reversed, and new trial granted, with costs to abide the event. All concur.