IN THE

# SUPREME COURT OF NEBRASKA.

### JANUARY TERM, A. D. 1900.

---

PRESENT:

HON. T. L. NORVAL, CHIEF JUSTICE.
HON. J. J. SULLIVAN, } JUDGES.
HON. SILAS A. HOLCOMB,

---

HENNEY BUGGY COMPANY v. J. W. ASHENFELTER.

FILED MARCH 21, 1900. No. 9,154.

1. **Preferring Creditor.** The conveyance by a failing debtor of practically all his property to one of his creditors in satisfaction of his debt, the difference between the amount of said debt and the agreed value of said property being paid to said debtor in cash, with knowledge on the part of such creditor that such sale will result in hindering, delaying and defrauding the other creditors in the collection of their debts, is void as to such other creditors. *Switz v. Bruce*, 16 Nebr., 463, followed.

2. **Instructions.** Alleged errors in the giving of instructions and in the introduction of evidence examined, and *held* insufficient to work a reversal.

ERROR to the district court for Gage county. Tried below before LETTON, J. *Affirmed.*

*F. I. Foss, B. V. Kohout* and *Norman Jackson*, for plaintiff in error.

*W. C. LeHane* and *D. E. Collins, contra.*

NORVAL, C. J.

In 1893 one George R. Fouke was engaged in various lines of business in Liberty, Gage county, this state. In that year he failed, his liabilities being far in excess of his assets. He sold practically all of his personal property to the Henney Buggy Company, one of his creditors, the consideration for such sale being the cancellation of his debt to it, amounting to over $1,800, and the payment to him by it of the difference between the amount of such debt and the agreed value of the property, such difference being $300. Fouke was then placed in possession of said property, consisting of stocks of goods of different character, as an employee of the company, and a former employee of his was appointed its general agent in the management and disposition of the same. After this sale, some of the other creditors of Fouke attached a portion of said goods; others obtained judgments against him, and levied executions upon the goods, the value of the goods so levied on being, according to the agreement of the parties hereto, $1,000. The goods so levied on were, while in the hands of the officer holding such writs, replevied by said Henney Buggy Company, it claiming title to them by virtue of said sale to it by Fouke. The defendant officer answered, setting up the fact that he held said goods by virtue of levies under said writs, and that the sale by Fouke to the buggy company was fraudulent and void as to the other creditors of Fouke. On this issue the case was tried in the lower court, resulting in a verdict and judgment in favor of the defendant officer, and said buggy company comes to this court by petition in error from such judgment.

There are over 150 errors assigned in the petition in error, not all of them, however, being urged in the brief of counsel. We shall notice such errors as are urged in the brief, so far as they may affect this decision, it being understood that others not noticed would not in anywise alter the conclusions arrived at by the court.

It will be observed that in the sale of this property by Fouke to the Henney Buggy Company a greater amount of goods was sold than sufficed to satisfy the debt of Fouke to it, the difference being paid by it to Fouke in cash.   It is a well established principle of law that a debtor may prefer a creditor, and that such preference is not fraudulent, even though such creditor has knowledge of an intent on the part of such debtor to hinder, delay or defraud his other creditors, so long as such creditor takes only sufficient goods to satisfy the debt, or the value of which is not appreciably greater than the amount of such debt, and does not participate in such fraudulent intent.   But, does a different rule obtain when, in a case like this, the creditor takes more goods than are sufficient to liquidate the debt, paying the difference between their value and the debt in cash?   We are of the opinion that another rule does apply; that a creditor who purchases the whole of his debtor's goods— said debtor being in failing circumstances—paying the difference between the amount of the debt and the fair value of the goods in cash, occupies the same position as would a purchaser not a creditor; and that if such purchasing creditor knows, or has such knowledge as would induce an ordinarily prudent person to inquire into facts which would lead to knowledge that such debtor is attempting to defraud his other creditors by such sale, or to hinder and delay them in the collection of their debts, such a sale is void as to such creditors.   Such was the holding of this court in the case of *Switz v. Bruce,* 16 Nebr., 463; and it seems to us that it is consonant with sound reason.   It should be remembered that the rule that permits failing debtors to prefer creditors is not a general rule in itself, but is an exception to a more general rule, which is, that where a debtor in failing circumstances sells his goods with the intent to hinder, delay or defraud his creditors, and the purchaser has knowledge thereof, or is advised of sufficient facts to put a person of ordinary prudence upon inquiry which would

lead to such knowledge, such sale is fraudulent and void, whether such purchaser participates in such fraudulent intent or not. An examination of the record in this case discloses the fact that the Henney Buggy Company, through its agents, at the time the so-called sale was made to it by Fouke, had knowledge that such sale by him to it would inevitably have the effect to hinder and delay his other creditors in the collection of their debts, and that such sale to it, resulting in the cancellation of his debt to it, would prevent other of his creditors from collecting their debts, and would thus deprive them of their rights; hence we must conclude that on the undisputed facts, in fact upon evidence brought out by said plaintiff itself, such sale was fraudulent and void as to his other creditors.

It is claimed by plaintiff that this case falls within the rule of *Sunday Creek Coal Co. v. Burnham*, 52 Nebr., 364. In that case the creditor had taken from the debtor, in full satisfaction of his debt, property of a value not materially or appreciably greater than the amount of the debt, and this court decided that, under such state of facts, the validity of the sale was not affected by the existence of knowledge on the part of such creditor of an intent on the part of the debtor to defraud his other creditors, provided such creditor did not participate in such intent. This is doubtless the rule, or rather an exception to the general rule, as hereinbefore stated. But a different principle applies where the creditor not only receives from the debtor goods equal to the amount of the debt, but goes farther and voluntarily takes an amount of property greater in value than suffices to satisfy the debt, paying to such debtor the difference in money, at the same time having knowledge, or being in position to obtain knowledge, that such transaction would result in a fraud upon the other creditors. To the extent of the payment of the difference between the debt and the value of the goods, such creditor becomes a voluntary purchaser, and must be governed by the rule of

law applicable to such. If a part of such transaction is tainted with fraud, and is indivisible from the remainder (which is the case here), the whole transaction is tainted with fraud.

Numerous exceptions are taken to instructions given by the court below. Such objections are principally to those which announce a rule not materially differing from that hereinbefore stated, and we think that in none of them was any error perpetrated. To other instructions objections are urged that they are not sufficiently specific. If the instructions were open to these objections, counsel had ample opportunity to obviate such defects by proffering instructions which he may have deemed more definite, but as he failed so to do, such objections must be deemed to have been waived.

There are also numerous objections urged to questions propounded to said Fouke on his cross-examination, he having been called as a witness on behalf of plaintiff. Such objections are mainly to a class of questions asked him relative to the value of the property sold by him to said buggy company. Such questions took a wide range; but much latitude is permissible when a party to an alleged fraudulent transaction is upon the stand, and is being cross-examined by the opposite party. Further, as the sale by Fouke to the buggy company was, on the undisputed facts, fraudulent as to his other creditors, and therefore void, we fail to see how the evidence adduced could injuriously affect the plaintiff; hence, we are of opinion that no error could have accrued to it on the introduction of this testimony.

A careful examination of the record in the other respects complained of by plaintiff convinces the court that no prejudicial error occurred on the trial, for which reason the judgment of the lower court is

AFFIRMED.