# The Keystone Manufacturing Company *v*. John M. Hampton.

*Action to recover Purchase Money on Contract of Sale.*

1. *Demurrer; erroneous assumption.*—A demurrer which assumes that a plea purports to show a thing, which is not disclosed by the plea, is properly overruled.
2. *Return of purchase; what constitutes rescission.*—The return of an article purchased to the vendor's agent, who was authorized to receive same, does not imply an agreement to rescind, or that the purchaser elected to, or had a right to rescind the contract of sale, unless supported by the proof necessary to show a rescission.
3. *Replication; must be responsive to plea.*—A replication which contains nothing properly responsive to a plea is, for that reason, subject to demurrer.


Appeal from the Circuit Court of Madison.

Heard before the Hon. Osceola Kyle.

This was an action brought by the appellant, the Keystone Manufacturing Company, against John M. Hampton, to recover $210.00, the purchase price of one No. 12 Keystone Corn Snapper and Fodder Shredder, sold by plaintiff to defendant. The complaint contained two counts, one "for merchandise, goods and chattels sold by plaintiff to defendant," and one for one "No. 12 Keystone Corn Snapper and Fodder Shredder, sold to defendant." The defendant pleaded the general issue in short by consent and the following amended special plea No. 5: "The defendant further answers said complaint and says that the amount here sued for is for the purchase price of a certain No. 12 Keystone Corn Snapper and Fodder Shredder, a machine sold and delivered by plaintiff to defendant, which said machine before the

[The Keystone Manufacturing Co. v. John M. Hampton.]

institution of this suit was returned by defendant to an agent of plaintiff, who was duly authorized by plaintiff to receive said machine, and that said agent of plaintiff duly received said machine, and that the sale of said machine was thereby duly rescinded by defendant and that said rescission of said sale of said machine was duly accepted by said duly authorized agent of said plaintiff." Special plea No. 6 is set out at sufficient length in the opinion. Plaintiff demurred to special plea No. 5 as follows: "1. The mere delivery of the machine to an agent and receipt by him, not coupled with any further fact, is not a denial of defendant's liability for the purchase price, and the words in said plea 'that the sale of said machine was thereby duly rescinded by the defendant,' is the mere conclusion of the pleader and insufficient answer to the complaint. 2. Said plea sets up nothing amounting to a legal denial of liability. 3. Said plea fails to show any legal discharge from the contractual liability. 4. The plea shows no denial of the liability under the common counts." Plaintiff demurred to special plea No. 6, and assigned as grounds of demurrer the following: "1. Said plea is defective in this that it undertakes to set up matter in violation of that article of the Constitution of the United States as follows: 'The citizens of each state shall be entitled to all privileges and immunities of citizens of the several States.' 2. Said plea is defective in this, that it undertakes to set up matter of defense in violation of the Interstate Commerce Act of the United States. 3. Said plea upon its face is in conflict with the Constitution of the United States. 4. The mere fact that plaintiff had no known place of business or designated agent in this State, is no defense against an action on the common counts in favor of a non-resident corporation against a defendant." The court overruled plaintiff's said demurrers to special pleas 5 and 6, and plaintiff filed the following replication: "Comes the plaintiff and replying to allegations of special pleas 6 and 7, and amended pleas 4 and 5, filed in above cause, says: "That on or about the 23d day of August, 1900, by and through their agent, Thomas Gates, plaintiff sold to the defendant 1

No. 12 Keystone Corn Snapper and Fodder Shredder. That the purchase price agreed upon to be paid by defendant for said machine was $210.00, to be paid as follows, to-wit: $70, respectively on the first day of December, 1900, 1901 and 1902, with agreement that should default be made in the payment of the first installment of $70, then all of said payments should at once become due; that default has been made in the first payment due on said machine, to-wit: $70 due on December 1, 1900, and by the terms of the contract, the whole of said sum by reason of said default is now due and payable.

"Plaintiff further alleges that defendant, upon said date, signed a written agreement, purchasin g said machine from plaintiff, which said purchase contract, signed by defendant is hereunto annexed, and made a part of this replication, and here referred to as though set out in full herein.

"That said machine was delivered according to contract, and received by defendant. Further, that by the terms of the contract of sale, the defendant agreed to make full and complete settlement for said machine before its delivery, and that failure to comply with this provision would release plaintiff from any warranty that they might make on said machine. And plaintiff alleges that defendant failed or refused to comply with the contract by making full and complete settlement for the machine before delivery. It was further agreed as shown by the contract that no verbal statement or agreement will be received in connection with this agreement, and that no alteration of the printed terms of the agreement would be recognized by plaintiff unless approved by them. That if said machine was returned by defendant and accepted by agent of plaintiff, which is denied, that said acceptance was unauthorized and beyond the powers or capacity of an agent and not binding on the plaintiff.

"And plaintiff alleges further, that the defendant agreed as shown by said contract 'If the machine cannot be made to fill the warranty, it is to be returned by the purchaser to the place where received and another substituted therefor, or money and notes returned, the pur-

27

[The Keystone Manufacturing Co. v. John M. Hampton.]

chaser agreeing to make no further claim upon the Keystone Manufacturing Company, or its agent. It is further understood and agreed that continued use of said machine, after the expiration of the time named in above warranty, shall be evidence of the fulfillment of the warranty. And plaintiff alleges that defendant has failed or refused to deliver the machine to the place where received, and furthermore that he kept the same in his possssion after the expiration of the time named in the warranty. And plaintiff alleges that the full purchase price of said machine is still due and unpaid." Defendant demurred to this replication on the following grounds: "1. That the matters therein alleged is an entire departure from the original complaint. 2. That said replication does not confess and avoid the matters as set up in defendant's plea. 3. That said replication is not an answer by confession and avoidance or by traversal and denial to each of defendant's pleas. 9 That matter is set up in said replication for defendant to join issue on that it is not set up in the original complaint. 11. That said replication is not an answer to defendant's special plea, as amended, No. 5. 12. That it is not an answer to defendant's special plea No. 6."

The court sustained defendant's said demurrer to plaintiff's replication.

Defendant's special pleas, Nos. 4 and 5, set up that the machine would not do the work and was not of the quality warranted by plaintiff.

Issue was joined upon defendant's special pleas numbers 4 and 5, and special pleas 6 and 7, and upon the general issue. There was verdict and judgment for the defendant. The plaintiff appeals and assigns as error the several rulings of the trial court upon the pleadings.

King & Bankhead, for appellant.—Court erred in overruling demurrers to special plea No. 6. A contract for the purchase of goods between a citizen of Alabama and a foreign corporation is interstate commerce. *Ware v. Hamilton Brown Shoe Co.*, 92 Ala. 145.

[The Keystone Manufacturing Co. v. John M. Hampton.]

BURKE & SMITH, *contra.*—Grounds of demurrer to amended special plea No. 5 do not raise the question as to whether the matters in the plea are properly averred.

Any contract made by a foreign corporation in Alabama, without having complied with the Constitution, is void.

The demurrer to defendant's special plea 6 was properly overruled.

SHARPE, J.—This suit is to recover a sum claimed as due on a sale by the plaintiff to defendant of a machine mentioned in the pleadings as a "Keystone Corn Snapper and Fodder Shredder." Plea 6 sets up as a defense that the cause of action "was founded upon and grew out of business done by plaintiff in this state, and at the time such business was done and said sale made, said plaintiff was a foreign corporation and had no known place of business in this State as is required by § 4 of Article 14 of the Constitution of Alabama."

The demurrer to the plea was properly overruled. It goes upon the assumption that the plea purports to show the sale therein averred was such as constituted interstate commerce, but that the sale was of such character is not disclosed by the plea. Nothing appropriately responsive to this plea was averred in the replication, and for that, if for no other reason, the replication was subject to the demurrer thereto interposed.

Rulings on requested charges cannot be reviewed for the reason that they are not set out in the bill of exceptions.—*Donnelley v. State,* 130 Ala. 132.

The overruling of the demurrer to amended plea 5 was erroneous. In that plea it was strongly assumed that a return of the machine before suit by defendant to plaintiff's agent who was authorized by plaintiff to receive the machine together with due receipt of the same by the agent effected a rescission of the sale. These alleged facts do not necessarily imply an agreement to rescind, or that the defendant elected to, or had a right to rescind the contract of sale. The plea could and may have been supported by proof short of what was neces-

sary to show a rescission. For this error the judgment must be reversed.

Reversed and remanded.