ESTELLA E. CLARK, v. THE CITY OF CEDAR RAPIDS, IOWA, Appellant.

**Defective sidewalks:** NOTICE: EVIDENCE. Under a general denial 1 of an allegation that a plank walk on which plaintiff was injured had been in a defective and dangerous condition for such length of time that the city was charged with notice thereof, it was competent to show the condition of the walk about the place of accident, as observed by witnesses the following morning.

**Same.** It is competent to describe the condition of a broken board in a walk, which caused the accident, as observed by the witness so near the time of injury that no substantial change in its condition could be presumed to have intervened.

**Contributory negligence.** One is not conclusively negligent in knowingly passing over a defective walk, provided he uses ordinary care in view of its condition as known to him.

**Negligence:** INSTRUCTIONS. Although one instruction failed to state that plaintiff could not recover for an injury caused by a defective walk, unless negligence on the part of the town was shown, yet no prejudice arose since the point was clearly covered in other instructions.

**Damages:** LOSS OF FUTURE SERVICE: INSTRUCTION. An instruction which directs the jury to allow such sum for the loss of the wife's services as they may find "from the evidence to be the reasonable value to her husband because of the wife's injuries," is upheld as directing the allowance of the present value of her future service.

*Appeal from Superior Court of Cedar Rapids.*— HON. JAMES H. ROTHROCK, Judge.

TUESDAY, JANUARY 16, 1906.

ACTION to recover damages for personal injuries, alleged to be permanent, claimed to have been received by plaintiff by reason of an alleged fall caused by a defective sidewalk in the defendant city, and, in addition thereto, under assignment from plaintiff's husband, the damages for loss of service resulting to him by reason of the same injury to plaintiff. Verdict and judgment for $2,000 in plaintiff's favor, from which defendant appeals.— *Affirmed.*

*John N. Hughes,* for appellant.

*Rickel, Crocker & Tourtellot,* for appellee.

McCLAIN, C. J.— I.   Two witnesses for plaintiff were allowed to testify over defendant's objection as to the condi-

tion of the sidewalk about the place where plaintiff was

**1. DEFECTIVE SIDEWALKS: notice: evidence.** injured, and it is contended that this testimony was erroneously admitted, because it related to what was observed by the witnesses on the morning of the next day after plaintiff was injured. The allegation of negligence was that the plank sidewalk on which plaintiff was injured was out of repair, and in a defective and dangerous condition, and the stringers thereof rotten, and the boards loose and broken, etc., and that said sidewalk had been in such condition for such a length of time that the agents and officers of the defendant, in the exercise of ordinary care, would have known of the condition thereof long prior to the date of plaintiff's injury, and in time to repair the same prior to said date. It is evident that under the issue raised by a general denial of the allegations of plaintiff's petition, it was competent for plaintiff to prove the condition of the sidewalk at and near the place of the injury, provided the dangerous and defective condition was reasonably observable by the officers and agents of the defendant in the exercise of ordinary care, and had been in such condition for such length of time as would charge the city with notice thereof in time to have obviated the defects prior to the accident to plaintiff. For that purpose it was competent to prove that the boards were obviously decayed and loose by reason of such condition; for that was a condition that must have existed for a considerable time. Such a condition could not have arisen during one night, and therefore testimony of the condition on the morning after the accident tended to show what the condition had been before. *Parkhill v. Town of Brighton,* 61 Iowa, 103; *Achey v. City of Marion,* 126 Iowa 47.

It is argued, however, that one of the witnesses testified to a fresh break in one board, and that this may have been due to some cause acting between the time of the injury to plaintiff, and the inspection by the witness; but

what was said as to this break was merely incidental to a description of the rotten condition of the board, and was not made a primary subject of inquiry.   There was no valid objection to the question asked, and the answer was perfectly competent.   Moreover, the testimony tended to show that the board about which the witness was specifically testifying was the very board the condition of which constituted the defect which caused the injury. to plaintiff, and certainly it was proper to describe the condition of that board at a time so near the time of the accident that no substantial change in condition could be presumed to have intervened.   There was no error in the admission of this testimony.

**2. SAME.**

II.   An instruction is criticised which in effect told the jury that, although it should be found that the sidewalk was unsafe and dangerous to persons passing over it, and that the plaintiff knew of its condition and passed over it without using ordinary care, the verdict should be for the defendant.   The objection seems to be that plaintiff was conclusively negligent on her part, if she attempted to pass along the sidewalk which was unsafe and dangerous; but we have often held that one is not necessarily guilty of contributory negligence in passing over a defective walk with knowledge of its defective condition, provided that in doing so he uses ordinary care in view of the condition of the walk as known to him.   *Evans v. Iowa City,* 125 Iowa 202; *Houseman v. City of Belle Plaine,* 124 Iowa 510; *Jones v. Shelby County,* 124 Iowa, 551; *Hollingworth v. City of Ft. Dodge,* 125 Iowa, 627.

**3. CONTRIBUTORY NEGLIGENCE.**

III.   Complaint is made of another instruction, in which the jurors were told that the burden of proof was upon the plaintiff to establish by a fair preponderance of evidence the defective and dangerous condition of the walk, and that such condition had continued for such length of time that the officers and employés of the defendant, in the exercise of ordinary care, might

**4. NEGLIGENCE: instructions.**

have learned of its condition in such time as that it could have been repaired, in the exercise of reasonable diligence, prior to the time of the accident. It is said that this instruction does not advise the jury that plaintiff should not recover, unless negligence on the part of the defendant was shown. But this point was sufficiently covered by other instructions, and there was no error prejudicial to the defendant in what is said in this instruction with reference to the burden of proof.

IV. The principal contention for appellant is, however, that an instruction relating to the damages which plaintiff as assignee of her husband might recover for future loss 5. DAMAGES: loss of services was erroneous; the contention being that the instruction allows a recovery on this ground for the value of such services as the husband may lose in the future, without any reduction on account of the recovery being in present for a future loss. The instruction is identical with that which was sustained in the case of *Hutcheis v. Cedar Rapids & Marion City R. Co.,* 128 Iowa 279, and counsel have elaborately reargued the question in the light of that opinion, insisting that the conclusion reached by the court in that case was wrong. In view of this further argument, we may be justified in adding something to what is said in that case.

It is contended that the cases there cited in support of the views of the court are cases in which the personal injuries for which recovery was sought had resulted in death, and that in such a case a jury must necessarily confine their estimate to the present loss occasioned to plaintiff's estate, or to the parents suing for loss of service of their minor child; while in this case, as the loss of service will accrue from month to month during the lifetime of the wife, the jury would be justified, under the instructions, in rendering a present verdict for the total aggregate value of the loss of service from time to time, as it should occur in the future. Without setting out the instruction in full, it is suffi-

cient to say that the jury are thereby authorized to allow to plaintiff under the assignment of the claim of her husband such reasonable sum for loss of services as they may find " from the evidence to be their reasonable value to her husband, because of his wife's injuries." If the jury had been told to allow the future value to the husband of such services as he would lose, undoubtedly the instruction would have been erroneous. But we must presume that the jury would proceed to find the present value of the future services which will be lost to the husband, for the whole object of the inquiry is as to the amount which shall now be allowed. It is not to be anticipated that the jury will proceed to estimate the damages as of some future date.

The instruction held not to be erroneous in *Lowe v. Chicago, St. P., M. & O. R. Co.,* 89 Iowa, 420, told the jury that they should determine from the evidence, taking into consideration the age of the deceased, his occupation, health, wages, etc., " the probable pecuniary loss to the estate of the deceased caused by his death, and allow the plaintiff such sum, and such only, as will compensate the estate for such loss." The instruction which we are now considering no more justifies the jury in giving the total value of loss of service estimated in the future than does the instruction in that case. Under this view of the instruction, it is not erroneous, for it necessarily refers to present value. If the defendant desired that the jury should be more fully instructed as to the method in which the present value should be ascertained, such an instruction should have been asked. *Lauer v. Palms,* 129 Mich. 671 (89 N. W. 694, 58 L. R. A. 67). There has been much difficulty in determining just how the jury should be instructed as to the method of determining present value of future loss of service. *Copson v. N. Y., N. H. & H. R. Co.,* 171 Mass. 233, (50 N. E. 613); *Rooney v. N. Y., N. H. & H. R. Co.,* 173 Mass. 222, (53 N. E. 435); *Galveston, etc., R. Co. v. Dehnisch* (Tex. Civ. App.), 57 S. W. 64; *Galveston, etc., R. Co. v.*

*Kief* (Tex. Civ. App.), 58 S. W. 625; *Florida Cent. & P. R. Co. v. Burney,* 98 Ga. 1 (26 S. E. 730); *Ramsey v. National Contracting Co.,* 63 N. Y. Supp. 286; *Morrison v. Long Island R. Co.,* 38 N. Y. Supp. 393. But it is not necessary for us now to determine what method should be adopted. It is sufficient to say that it is not error to direct the jury that they are to determine the present value of such future loss; and this is, as we think, what the instruction now under consideration means, and would be understood as meaning by a jury acting under such instruction in a case like the one now before us.

We find no error in the trial, and the judgment is *affirmed.*