JENNIE S. PATTON v. INCORPORATED TOWN OF SANBORN, Appellant.

**Sidewalks:** EXTENT OF PERSONAL INJURY: EVIDENCE. In proof of 1 the extent of an injury caused by a defective sidewalk the plaintiff may show the amount of labor she was able to perform in her employment both before and after the injury.

**Evidence:** CONCLUSION. The plaintiff, injured by a defect in a 2 sidewalk, may testify directly that she had no knowledge of its dangerous condition at the time of the accident.

**Evidence:** CONDITION OF WALK: MISCONDUCT OF COUNSEL. Evidence 3 of the condition of the plank and stringers of a walk as they appeared shortly after the accident is admissible, as bearing on the condition of the walk at the time of the injury and notice thereof to the city; and misconduct of counsel cannot be predicated on an attempt to show its conditions.

**Evidence:** PRESENT PAIN. It is competent to show the declara-4 tions of present pain of one suing for a personal injury.

**Evidence:** LIFE AND DURABILITY OF MATERIAL IN SIDEWALK. In an ac-5 tion for injuries caused by a defective sidewalk it is competent to show the life and durability of the material used in its construction.

**Evidence:** LIFE EXPECTANCY. Expectancy of life may be shown in 6 an action for personal injury where there is an issue of proba-

ble duration of pain and suffering, even though the question of earning capacity is not involved.

Evidence: WAIVER OF OBJECTION. · By failure to strike at the answer of a witness objection thereto is waived.

Verdict. A verdict based upon evidence in substantial conflict will not be disturbed.

· New trial: SURPRISE. By failing to move for a continuance when the evidence presents a surprise a new trial will not be ordered on that ground.

*Appeal from O'Brien District Court.*— HON. F. R. GAYNOR, Judge.

TUESDAY, MARCH 12, 1907.

SUIT to recover damages for personal injuries caused by a defective sidewalk. Trial to a jury, and verdict and judgment for the plaintiff for $2,500. The defendant appeals.— *Affirmed.*

*W. D. Boies,* for appellant.

*Cory & Bemis,* for appellee..

SHERWIN, J.— Thirty-six separate assignments of error are made in the appellant's argument, but eliminating therefrom unnecessary repetitions reduces the number very considerably, and in discussing the case, we shall only give attention to the errors which have been argued by the appellant. The petition alleges as the ground upon which a recovery is based that the defendant permitted the walk on which the plaintiff was injured to remain in a dangerous and unsafe condition for a long time; that the walk had been built many years before the injury was received, and that its unsafe and dangerous condition consisted in the fact that the material of which it was constructed was all in a rotten and broken condition, and that it had been in such a condition for such length of time that the defendant knew, or should have known in the exercise of reasonable care, of such con-

dition. The testimony shows that the plaintiff was injured while passing along said walk by the displacement of one of the planks thereof as she was passing over it.

The pleadings show that the plaintiff was a housewife, without any other or different employment, and, on the trial, she was permitted to state the amount of labor that she had performed as such housewife before and after the accident. There was no error in admitting such testimony. It was clearly competent to show such facts as bearing upon the extent of the plaintiff's injury.

1. SIDEWALKS: extent of personal injury; evidence.

The plaintiff testified, over the defendant's objection that, when she went over the walk in controversy, she had no knowledge of its defective or dangerous condition, and the appellant contends that this testimony stated the conclusion of the witness only, and should not have been received. The contention is clearly unsound. We know of no better or more direct way of showing the fact of want of knowledge than by the direct testimony of the plaintiff herself. It will be noticed that she was not then testifying as to the condition of the walk, but only as to her knowledge of its condition, and it surely is competent for a witness on a question of knowledge to state whether or not he knew of the controverted fact.

2. EVIDENCE: conclusion.

There was some testimony tending to show that soon after the accident the walk in question was torn up and thrown to one side, and the plaintiff attempted to prove by several other witnesses who had seen the walk the condition of the planks and stringers as to the soundness a few days after the accident. While it is well established by the decisions of this court that evidence of subsequent repair or displacement is not competent to fix the negligence of the city, we have also held that it is competent for the purpose of showing the actual condition of the walk at the time of the injury and also for the purpose of showing that it must of necessity have

3. EVIDENCE: condition of walk; misconduct of counsel.

been in such condition for such length of time as would charge the city with notice thereof in time to have obviated the defects prior to the accident to the plaintiff. *Clark v. Cedar Rapids,* 129 Iowa, 358; *Parkhill v. Brighton,* 61 Iowa, 103; *Achey v. City of Marion,* 126 Iowa, 49. The testimony offered on this subject was therefore clearly competent within the rule of our decisions, and there was no misconduct on the part of plaintiff's attorney in showing, or in attempting to show, the condition of the timber taken from the walk within so short a time after the accident. In the cases relied upon by the appellant the testimony showed that the examination of the walk there in question was made long subsequent to the injury, and it was held that the examination was too remote to afford light on the condition of the walk at the time the injury was inflicted.

Some of the plaintiff's witnesses were permitted to testify as to her allegation of pain, and the location of her injuries. An examination of the record discloses that in each instance complained of by the appellant the witness was simply narrating the plaintiff's declarations as to present pain, and such declarations are always admissible. *Keyes v. Cedar Falls,* 107 Iowa, 520; *Hall v. Cedar Rapids & M. C. Ry. Co.,* 115 Iowa, 20.

4. EVIDENCE: present pain.

The plaintiff also called witnesses who testified as to the life and durability of such timber and nails as were used in the construction of the walk in question. This evidence was competent. *McConnell v. City of Osage,* 80 Iowa, 293; *Ferguson v. Davis County,* 57 Iowa, 601; *Morgan v. Fremont,* 92 Iowa, 646, and cases cited therein.

5. EVIDENCE: life and durability of material in sidewalk.

The court admitted in evidence a passage from the Encyclopedia Britannica, which gave the expectancy of the plaintiff's life, and, in connection therewith, stated that it was received for the purpose of showing that the expectancy of life of a person thirty-five

6. EVIDENCE: life expectancy.

years of age is twenty-seven and sixty one-hundredths years. Complaint is made of the remark of the court, and it is further said that the evidence should not have been received because the plaintiff was seeking no recovery for loss of time. The remark of the court amounted to nothing more than a statement of what the book itself showed, and there was no indication in the remark that the jury was to treat the book as conclusive in a question of the plaintiff's life expectancy. It is a familiar rule that such scientific works are admissible in evidence for the purpose of showing the expectancy of life in all cases where the question of the earning capacity of the injured party is involved. In the instant case, while no such question was directly involved, the question of the pain and future suffering of the plaintiff on account of the injury was a material issue in the case, and we know of no reason for saying, nor are we cited to any authority which holds that the plaintiff may not show by a life table or otherwise the probable duration of the pain and suffering caused by the negligent act of the defendant, and we are well satisfied that the evidence was competent.

Non-expert witnesses testified as to the apparent condition of the plaintiff's health before and after the injury. Complaint is made that one of these witnesses testified as 7. EVIDENCE: to the general condition of her health with-
waiver of
objection. out basing it upon her appearance. Objection was made to this, and, in ruling thereon, the court stated that the witness would be confined to a statement as to her general appearance. The ruling was in accord with the appellant's contention, but the answer of the witness was not, and if the appellant was not satisfied therewith, it should have moved to strike it; and, not having done so, it waived its right in the matter.

The appellant further contends that the verdict is unsupported by the testimony; that the plaintiff has failed to show her failure from contributory negligence, and that the plaintiff is not entitled to recovery because of her false pre-

sentation of her true condition both by her own testimony,
and by the testimony of some of her witnesses.

**8. VERDICT.** This proposition, however, relates to fact questions which it was the exclusive province of the jury to determine. On all of them there is, it least, a conflict in the evidence, and, such being the case, this court will not interfere with the jury's finding.

On the cross-examination of the plaintiff, she testified that she had been a patient at the Mayo Bros. Hospital in Rochester, Minn., and that an operation had there been per-

**9. NEW TRIAL: surprise.** formed upon her for a diseased condition of her womb or ovaries. The appellant, in its motion for a new trial, urged, as a reason for granting the same, that it had been taken by surprise by this testimony. It may be that such was the case, but if it was, it was the appellant's right and its duty to then make an application for a continuance of the case to meet the situation disclosed, and, not having done so, it cannot now complain. It had no right to go ahead with the trial without objection and take its chances on a favorable verdict and afterwards complain of surprise. As we have said the plaintiff was awarded $2,500, and this the appellant claims was excessive, and asks us to reduce. If the plaintiff's testimony as to her injury is true, and the jury evidently so found it, the award is not too great, and we shall not interfere therewith.

We think we have noticed all of the important points made by the appellant which are argued, and, finding no error in the record, the judgment must be *affirmed*.