LORENZO W. BILLINGSLEY ET AL., APPELLANTS, V. ROY E. DUTTON, APPELLEE.

FILED MAY 7, 1908.   No. 15,181.

1. **Appeal:** CONFLICTING EVIDENCE. Where the evidence is conflicting it will not be examined further than to see that there is sufficient to justify the conclusion reached.

2. **Trial:** INSTRUCTIONS.. Where an instruction is requested, the substance of which is contained in other instructions given, it is not error to refuse such requested instruction.

3. **Appeal:** DISCRETION OF COURT. The latitude allowed counsel during the trial of a cause is a matter resting largely in the discretion of the trial court. An appellate court will not, in the absence of clear abuse of discretion by the trial court, avoid its determination of the actual effect of any improper conduct during the trial.

4. ————: INSTRUCTIONS. And especially so when the court instructs the jury "that they should disregard all statements of counsel made during the trial or argument of this case to the jury that are not founded on the evidence."

APPEAL from the district court for Red Willow county: ROBERT C. ORR, JUDGE. *Affirmed.*

*Billingsley & Greene, W. S. Morlan* and *P. F. Greene,* for appellants.

*Starr & Reeder, contra.*

ROOT, C.

This is a suit for a balance of some $1,800 claimed to be due plaintiffs from defendant for attorney's fees and

for money necessarily paid out and expended for expenses and costs in attending to defendant's litigation and business. Plaintiffs had judgment for $180, and they appeal.

1. Plaintiffs argue that the verdict is contrary to the instructions of the court, the issues and the evidence; that either they should recover the amount claimed in the petition or defendant should have recovered costs. The testimony is conflicting. According to plaintiffs a contract was made between the parties hereto in plaintiffs' office on the 18th day of June, 1904, whereby defendant agreed to pay them a retainer of $1,000, and, in addition, $25 a day for all time necessarily devoted by plaintiffs to defendant's business and litigation, and also for all money advanced by plaintiffs for costs and expenses in and about said litigation. Defendant claimed that he made a contract with plaintiff Billingsley for said firm in defendant's office about the 30th day of June, 1904, by the terms of which he was to pay plaintiffs $200 and expenses for printing a brief, and, if the litigation and business terminated favorably for defendant, then he was to pay a reasonable fee in addition for the work done, and, if not successful, plaintiffs should receive nothing further from him. Plaintiffs did not succeed in their undertaking, which was to keep the United States mails open for the use of defendant in disseminating literature and correspondence relating to "psychic science." Plaintiffs received the $200 and defendant paid for printing a brief. Plaintiffs rendered some services for defendant between the 18th and 30th days of June, 1904, for which they sent him a statement for $180. Evidently the jury intended to compensate plaintiffs for that work, and the verdict was possible under the issues and the evidence.

2. Plaintiffs complain that the court did not specifically refer in its instructions to the alleged agreement of defendant to pay a retainer fee of $1,000. The court in general terms instructed the jury that the action was one to recover a balance on account, for attorney's fees, and

for money advanced for costs and expenses for defendant in the sum of $2,009.17, less a credit of $233. Plaintiffs' exception to this instruction was general, nor did they tender one more specific, and they ought not now to complain. *Henney Buggy Co. v. Ashenfelter*, 60 Neb. 1. The court did not err in refusing to give plaintiff's instruction numbered 5, as the subject therein treated is fully covered by instructions numbered 7 and 8, given by the court on its own motion. *Spaulding v. State*, 61 Neb. 289.

3. The alleged misconduct of counsel for defendant and the court's rulings in regard thereto will not justify reversing the judgment. The court might with propriety have held a tighter rein than it did, but the subject was largely within its discretion. *Pearsall v. Tabour*, 98 Minn. 248. Moreover, the court instructed the jury "that they should disregard all statements of counsel made during the trial or argument of this case to the jury that are not founded on the evidence."

Upon an examination of the entire record, we do not find error prejudicial to plaintiffs, and we therefore recommend that the judgment of the district court be affirmed.

FAWCETT and CALKINS, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.