140 So. 590

## NATIONAL SUPPLY CO. v. SOUTHERN CREAMERY CO. et al.

### 6 Div. 911.

Supreme Court of Alabama.
March 10, 1932.

Rehearing Denied April 7, 1932.

Vassar L. Allen, of Birmingham, for appellant.

Harris & Cook, of Birmingham, for appellees.

GARDNER, J.

The Southern Creamery Company of Oklahoma sued the National Supply Company, doing business in Birmingham, Ala., for breach of an implied warranty and for deceit in the sale of paint for use on brine coils in a storage refrigerating room of said creamery, and from a verdict and judgment for the plaintiff, defendant prosecutes this appeal.

Count 8 for breach of warranty, and count 9 for deceit, were in Code form, and sufficient. Herring, Farrell & Sherman v. Skaggs, 73 Ala. 446; Cooper v. Slaughter, 175 Ala. 211, 57 So. 477.

Count 6 is for breach of an implied warranty in the sale of the paint, disclosing a pur-

chase for a particular purpose, known to the seller, and its unsuitableness therefor, with consequent damages to the plaintiff. McCaa v. Elam Drug Co., 114 Ala. 74, 21 So. 479, 62 Am. St. Rep. 88; Sudduth v. Holloway, 212 Ala. 24, 101 So. 733.

Some of the assignments of demurrer appear to rest upon assumption of averments not contained in the count, or state defensive matter. Keystone Mfg. Co. v. Hampton, 141 Ala. 415, 37 So. 552.

There were other counts which had been eliminated and doubtless some of these assignments were directed to such counts.

In any event, we do not think the count subject to any ground of demurrer interposed thereto. These observations are likewise applicable to count 10, which is a count for deceit. Ala. Machinery & Supply Co. v. Caffey, 213 Ala. 260, 104 So. 509; Caffey v. Ala. Machinery & Supply Co., 19 Ala. App. 189, 96 So. 454; Williams v. Bedenbaugh, 215 Ala. 200, 110 So. 286; Cooper v. Slaughter, supra; Fairbanks Morse & Co. v. Dees, 220 Ala. 41, 126 So. 624; Collum Motor Co. v. Anderson, 222 Ala. 643, 133 So. 693; Day v. Broyles, 222 Ala. 508, 133 So. 269; Bynum v. So. Bldg. & Loan Ass'n, 223 Ala. 392, 137 So. 21. The demurrer was properly overruled.

That plaintiffs' evidence was sufficient for submission of its case to the jury is not seriously questioned, and upon the merits the principal defense rested upon the insistence that plaintiffs' conduct by replacement of the butter too soon in the storage room was the cause of the damage, and not the unsuitableness of the paint for the purpose for which it was sold.

■ The request by defendant for the affirmative charge as to each count upon which the cause was tried (counts 6, 8, 9, and 10) was expressly rested, as stated at the time to the trial court, upon the ground of rescission (this with particular reference to the counts for breach of warranty), and the further ground that the plaintiff partnership had disposed of its assets to the Southern Creamery Company, a corporation. We are justified, therefore, in limiting the inquiry here to the same consideration. Lackland v. Turner, 207 Ala. 73, 91 So. 877; B. R. L. & P. Co. v. Colbert, 190 Ala. 229, 67 So. 513; L. & N. R. Co. v. Holland, 173 Ala. 675, 55 So. 1001; Blackwood v. Rutherford, 212 Ala. 630, 103 So. 689.

■■ As to the breach of warranty counts, defendant insists the evidence without dispute shows a rescission of the contract, and relies upon those authorities holding in effect there must be a subsisting contract to support an action for a breach of warranty, and if the contract has been effectually rescinded, the foundation of such a suit is destroyed. Taylor v. Yates Machine Co., 208 Ala. 528, 94 So. 588; Abraham Bros. v. Browder, 114 Ala. 287,

21 So. 818; Baer & Co. v. Mobile Cooperage Co., 159 Ala. 491, 49 So. 92; McAllister-Coman Co. v. Matthews, 167 Ala. 361, 52 So. 416, 140 Am. St. Rep. 43; Eason Drug Co. v. Montgomery Show Case Co., 186 Ala. 454, 65 So. 345.

But the fallacy of the argument lies in the assumption that the evidence discloses a rescission as a matter of law. "To rescind a contract is not merely to terminate it, but to abrogate and undo it from the beginning; that is, not merely to release the parties from further obligation to each other in respect to the subject of the contract, but to annul the contract and restore the parties to the relative positions which they would have occupied if no such contract had ever been made." 1 Black on Rescission, § 1. And in section 6 of said volume the author has the following statement of the law, here applicable, and supported by the authorities cited in the note: "But besides the technical rescission of a contract, releasing each party from every obligation under it, as if it has never been made, there is a mode of abandoning a contract, as a live and enforceable obligation, which still entitles the party declaring its abandonment to look to the contract to determine the compensation he may be entitled to under its terms for the breach which gave him the right of abandonment. Such an abandonment, following upon the renunciation of the other party and his refusal to perform, is not a rescission of the contract, but a mere acceptance of the situation which the wrong doing of the other party has brought about." Anvil Min. Co. v. Humble, 153 U. S. 540, 14 S. Ct. 876, 38 L. Ed. 814; Goodman v. Haynes Auto Co. (C. C. A.) 205 F. 352; Hayes v. City of Nashville (C. C. A.) 80 F. 641; 27 C. J. 18.

The principle of these authorities was recognized in the opinion in Taylor v. Yates Machine Co., 208 Ala. 528, 94 So. 588, where a number of cases to like effect are cited. And as the matter of rescission is generally a question of intention, and ordinarily left to the jury's determination, it has been held proper to inquire whether it was to the interest of the party to do so. 2 Black on Rescission, § 534. See, also, section 535, same volume.

Recognizing those principles, this court, in Keystone Mfg. Co. v. Hampton, 141 Ala. 415, 37 So. 552, held that the mere return of an article purchased to the vendor's agent, who was authorized to receive the same, does not necessarily imply an agreement to rescind or an election to do so.

■ All that here appears bearing upon this question is a return by plaintiffs of the paint upon discovery of its unfitness for the purpose and its receipt by defendant, after plaintiffs had notified defendant of the serious damage suffered and called attention to the guaranty "of its salesman that it was suitable for the purpose for which it was bought." Such proof

falls short of establishing a rescission as a matter of law, but on the contrary is consistent with the theory of an abandonment only of any obligation of defendant to fulfil its contract, and an acceptance of the situation which its wrong doing had brought about (Anvil Mining Co. v. Humble, 153 U. S. 540, 14 S. Ct. 876, 38 L. Ed. 814; Hayes v. City of Nashville [C. C. A.] 80 F. 641), or, as stated in the Taylor Case, supra, a mere refusal to receive the property tendered by defendant when its unfitness was discovered. See also Punteney, etc., Mfg. Co. v. Northwell, 66 Neb. 5, 91 N. W. 863, cited in the Taylor Case.

▮ The second stated ground for the affirmative charge, that plaintiffs' cause of action had been transferred to the corporation subsequently formed, is not supported by the proof. The only witness testifying upon the subject was Kerns, the manager for plaintiff partnership, who stated that when the corporation was organized it took over only the books, accounts, and the visible assets, and not anything "problematical," such as this lawsuit. His testimony was uncontroverted, and the affirmative charge, as well as other charges requested upon a contrary theory, were properly refused.

▮ It is suggested by appellee that some of the defendant's refused charges (assignments of error 17 to 20) seem to proceed upon the theory (commented upon in King v. Livingston Mfg. Co., 180 Ala. 118, 60 So. 143) that contributory negligence was a defense to an action for deceit. But that question aside, and undetermined, we find the substance of these refused charges clearly stated by the trial court in his oral charge as well as in charge 6 given for defendant, and further comment on such refused charges is therefore unnecessary.

▮ Refused charge 7 is to be construed as requiring some positive authorization of the salesman of defendant to make the representations complained of. But under the authority of Alabama Machinery & Supply Co. v. Caffey, 213 Ala. 260, 104 So. 509, a sales agent engaged in negotiating a sale is acting within the line and scope of his employment in making representations of fact touching the condition or quality of the article he is selling. This charge was refused without error.

▮ Assignments of error 5 and 6 complain of the admission in evidence of the conversation between the plaintiffs' manager and defendant's salesman at the time of the purchase, and when the alleged representations were made by the salesman, and the purpose of the purchase was explained to him by plaintiff. Assignments 5 and 6 are rested upon the grounds such evidence would vary the written order given for the paint. The evidence related to the conversation between plaintiff's manager and defendant's salesman at the time of the purchase and when the representations relied upon in the counts for deceit were made. It is clear there is nothing in the writing which would render this evidence inadmissible under such counts for deceit. Alabama Machinery & Supply Co. v. Caffey, supra.

▮ It is argued that the evidence (the admission of which constitutes the seventh assignment of error) was inadmissible as calling for a conclusion of the witness. We do not agree, but think it was the statement of a fact. B., R. & E. Co. v. Jackson, 136 Ala. 279, 34 So. 994; So. Ry. Co. v. Stollenwerck, 166 Ala. 556, 52 So. 204; Patton v. Incorporated Town of Sanborn, 133 Iowa, 650, 110 N. W. 1032.

While the verdict is for a very substantial sum, yet the actual damages sustained, as shown by the proof, were in conformity thereto, and there is no charge of excessiveness involved. The case appears to have been carefully and fairly tried. It was essentially a jury case, and under the well-known rule by which this court is guided in reviewing the action of the trial judge in denying a motion for a new trial, we are not persuaded that such ruling in the instant case should be here disturbed.

We have discussed the questions presented in brief, and find no error to reverse.

Let the judgment be affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.