OPTENBERG, Appellant, vs. SKELTON, Respondent.

*February 2 — February 26, 1901.*

Sales: Breach of warranty: Recouping damages: Appeal: Immaterial error: Judgment, when supported: Fact assumed by trial court as undisputed: Bill of exceptions.

1. The purchaser of a threshing-machine engine warranted to be in good working condition may retain it and recoup against the purchase price the damages which its defective condition imposed upon him; such as for the wastage of time of himself and his threshing crew in the actual effort to use the machine, upon the vendor's solicitation that he do so; for the value of his own time in reasonable efforts to remedy the defects; and for the amount paid for the hire of another engine for a few days to do the work for which the engine would have served had it been as warranted.

2. In such a case the jury, by special verdict, awarded the purchaser damages for loss of earnings, caused by defects in the engine, during the time it was actually operated, but the court rejected the allowance as too remote. *Held*, that the admission of evidence of such damages, and permitting the jury to find thereon, was not prejudicial to the vendor.

3. The trial court in such a case submitted to the jury questions as to the value of the purchaser's time spent in thirteen trips to get the engine repaired and in six days trying to repair it, and included the amounts found by the jury in the judgment, but the question whether so much time was in fact consumed was not submitted. *Held*, equivalent to a decision that it was established without dispute that the amount of time stated in the questions was actually so spent.

4. When the trial court, sitting with a jury, expressly decides an issue of fact, it will be presumed on appeal that its decision was supported by uncontroverted evidence, in the absence of a bill of exceptions certified to contain all the evidence; and the fact so found will be considered in connection with the pleadings and verdict in determining whether the judgment is supported thereby.

APPEAL from a judgment of the circuit court for Sheboygan county: MICHAEL KIRWAN, Circuit Judge. *Affirmed.*

On May 15, 1898, the plaintiff sold to the defendant a second-hand traction threshing engine at the agreed price

of $550, which he warranted to be in good working condition. It was found defective, and the plaintiff, who was a machinist and dealer in such commodities, assured defendant that the defects could be remedied so as to make the engine comply with the warranty. Repeated repairs and alterations were made from time to time under that assertion. The defendant retained the engine, and attempted to use it through the threshing season of 1898, during which he worked with it twenty-seven days. The engine was not in good working order, especially in inability to keep up steam, so that frequent stoppages occurred. Not until after the threshing season, in the following February, did the plaintiff succeed in repairing the defects so as to make the engine meet the warranty. Plaintiff sued for balance of unpaid purchase price, and defendant counterclaimed for special damages resulting from the breach of warranty, the damages claimed in the counterclaim being fifteen trips by defendant to Sheboygan in connection with repairs, $44.50; loss of time of defendant and his crew of threshing help during the threshing season for the purpose of making repairs and to let the engine make steam, and "damages otherwise caused by reason of the defects," $150; expenditure for hire of another engine to complete threshing contracts, $15; and six days' time of defendant in efforts to repair, $9. Defendant tendered judgment for $100, which tender was not accepted.

The case was tried to a jury, and a special verdict taken, in which the balance of purchase price due plaintiff was found, without controversy, at $226.66. The jury found, further, that the engine was less valuable by reason of the noncompliance with the warranty in the sum of $250, and, in answer to specific questions, as follows: (9) During the twenty-seven days of use of the machine, defendant's loss, in wages paid to his men for time in which the work was stopped or suspended because the engine did not furnish the

Optenberg vs. Skelton.

required steam, was $54; (10) the loss to the defendant on account of the loss of his time during the same period and from the same causes, was $13.50; (11) such stoppage was due to the defective condition of the engine; (12) the value of defendant's time and team for thirteen trips made to get engine repaired was $44.50; (13) the defective condition made necessary the hire of another engine for five days, at $3 per day, $15; (14) the value of defendant's time for six days spent in trying to repair the defects in the engine in question was $9; (15, 16, 17) the diminished earnings during the twenty-seven days in question, by reason of the defects in the engine, were 170 bushels per day, at the price of two and one-half cents per bushel.

On motions for judgment, the court rejected the diminished value of the engine as not within the pleadings, and rejected the loss of earnings, in response to fifteenth, sixteenth, and seventeenth questions, as too remote, but awarded defendant recovery upon his counterclaim for the items found by the ninth, tenth, twelfth, thirteenth, and fourteenth questions, aggregating $136; thus reducing plaintiff's net recovery to $90.66, being less than the amount of the tender of judgment, so that by balancing of costs a net judgment of $4.91 was rendered in favor of the defendant, from which the plaintiff appeals.

For the appellant there was a brief by *Andrew Gilbertson* and *C. H. Maynard*, and oral argument by *Mr. Gilbertson*.

For the respondent the cause was submitted on the brief of *Simon Gillen*.

DODGE, J.   By reason of the fact that the bill of exceptions is not certified to contain all of the evidence, we are unable to consider several of the assignments, of error, especially those which assail the answers to certain questions in the special verdict as contrary to the evidence, and that which assigns error for refusing to direct a verdict in plaintiff's favor.

The first, fourth, and eleventh assignments of error are predicated on the admission in evidence and submission to the jury of the question of loss of profits, or, rather, loss of earnings of the engine, during the time it was actually operated, by reason of its defects. These assignments need no consideration; for, even if it be conceded that such damages were speculative and remote, no error prejudicial to the plaintiff would be presented by the record, since the court rejected the allowance made by the jury therefor, and his conduct in admitting evidence thereof, and permitting the jury to find thereon, can have had no effect on the judgment appealed from.

Equally unnecessary of consideration are the second, seventh, and ninth assignments of error, which raise the contention merely that the engine was conclusively shown by the pleadings to have been accepted by the defendant. This contention might be conceded without disclosing prejudicial error. The only damages of which recovery is allowed are those entirely consistent with the acceptance and retention of the machine. They are special damages resulting from defects therein which constituted a breach of the warranty that it should be in good working condition. Had defendant not accepted the engine, but elected to return the same by reason of the defects, his right of recovery would be all sums paid upon the purchase price therefor, together with such special damages as he might have suffered while fairly experimenting therewith and before discovery of the breach of the warranty; but such damages are neither demanded in the counterclaim nor allowed by the judgment. The purchaser, in the event of breach of warranty, has the election of two remedies, namely: first, to return the article purchased, recover back purchase price paid, and certain special damages; or he may retain the machine, and recover or recoup against the agreed purchase price such damages as its defective con-

dition imposes upon him without negligence on his part. *Fisk v. Tank*, 12 Wis. 276; *J. I. Case P. Works v. Niles & Scott Co.* 90 Wis. 590, 606; *S. C.* 107 Wis. 9. The damages sought in this action and included in the judgment are all of that character. They are the wastage of time of himself and his threshing crew in the actual effort to use the machine, upon plaintiff's solicitation that he do so, and the value of his own time in reasonable efforts to remedy those defects, together with a small sum for the hire of another engine for a few days to accomplish the work for which, had this engine been as warranted, it would have served.

The most serious question presented is whether the special verdict is sufficient to support the judgment, which includes the value of defendant's time spent in thirteen trips to get engine repaired and in six days spent in trying to repair it. The value of such time is duly found by the verdict, and cannot be questioned. The fact that such time was in fact consumed is, however, not found by the verdict, although clearly the court must have decided or assumed that it was established by the evidence, and that, too, beyond controversy, since he did not submit it to the jury, but substantially stated it as a fact in the questions framed and submitted. Several rules have been declared as governing the attitude of this court towards judgments appealed from when the evidence is not all brought into the record by bill of exceptions certified to contain it. In such case it is said the only question is whether the pleadings and verdict or findings support the judgment. *Wille v. Bartz*, 88 Wis. 424, 428; *Hussa v. Sikorski*, 101 Wis. 131, 133. If they do not, it is said reversal must result. *Blossom v. Ferguson*, 13 Wis. 75; *Hildman v. Phillips*, 106 Wis. 611, 616. The last rule is modified to the extent that reversal is not necessary if the judgment is supported and warranted, in trials to the court, by the evidence, or, in trials to a jury, by the uncontroverted evidence. *Williamson v. Neeves*, 94 Wis. 656, 661; *Gatzow v. Buening*, 106 Wis. 1, 17. This exception grows

out of the now perfectly well-established rule that even in jury trials issues of fact need not be submitted to the jury if the evidence thereon is undisputed, all one way, and capable of supporting only one reasonable inference. On this principle rests the power of the court to render judgment of nonsuit or to direct a verdict. *Maanum v. Madison*, 104 Wis. 272; *Finkelston v. C., M. & St. P. R. Co.* 94 Wis. 270, 278; *Brauchle v. Nothhelfer*, 107 Wis. 457; *Musbach v. Wis. C. Co.* 108 Wis. 57. A bill of exceptions, duly certified to contain all the evidence, is obviously necessary to inform this court what was the evidence, so that we can examine and decide as to the correctness of the facts deduced therefrom on the trial;· and any fact decided to exist by the tribunal, court or jury, having authority to decide, must be conclusively presumed to exist, in the absence of such bill of exceptions, for we then have no means of knowing the contrary, and must presume against error.

From the foregoing it necessarily follows that when the trial court, sitting with a jury, expressly decides an issue of fact, we·must presume its decision was supported by uncontroverted evidence, if the evidence is not before us. *Edleman v. Kidd*, 65 Wis. 18, 23. We do not decide that the mere rendition of judgment upon a special verdict which fails to dispose of all the issues will be construed as a decision by the court of the omitted issues, for that question is not before us. In the case at bar the court clearly assumed as established without controversy, and so declares upon the record, that the defendant did make the thirteen trips, and did devote the six days' labor to remedying the defects against which plaintiff had warranted, so that the value of his time was a legitimate element of damages. We conclude, therefore, that the judgment is supported by the verdict and the facts found by the court as uncontroverted, and, no error appearing to have been committed, should be affirmed.

*By the Court.*— Judgment affirmed.