PUNTENEY-MITCHELL MANUFACTURING COMPANY V. T. G. NORTHWALL COMPANY.

FILED OCTOBER 9, 1902.   No. 12,058.

Commissioner's opinion, Department No. 3.

1. **Answer:** COUNTER-CLAIM.   Answer examined, and *held* sufficient, as against an objection first urged at the close, to constitute a counter-claim.

2. **Vendee:** GOODS: ACCEPTANCE: WAIVER: LATENT DEFECTS.   The acceptance of goods by a vendee is not a waiver of his right to return them for breach of warranty, where he had not inspected nor had a reasonable opportunity to inspect them before such acceptance, nor where the defects were latent, and he accepted the goods in ignorance thereof.

3. **Vendor:** CONTRACT OF SALE: WARRANTY: DAMAGES.   Where the vendor, in pursuance of a contract of sale, delivers goods which do not conform to the warranty, which the vendee for that reason returns, or duly offers to return, and the vendor fails to furnish goods conforming to the warranty, the vendee has a right of action for breach of contract, and in such action is entitled to recover such damages as may be reasonably supposed to have been in contemplation of the parties, when the contract was made, as the probable conse-quences of such breach.

4. **Instruction as to Measure of Damages.** In such action it is error to instruct the jury that the measure of damages is the difference between the agreed price and the real value of the goods actually delivered.

5. **Goods: PURCHASE: RESALE: ELEMENTS OF DAMAGE.** Where the goods are bought for the purpose of resale, which is known to the vendor, and the vendee, before discovering the defects, sells them to his customers, who reject them because of such defects, the reasonable expenses incurred in making such abortive sales, and the reasonable expenses incurred in returning the goods to such vendee, are proper elements of damage.

ERROR from the district court for Douglas county. Tried below before ESTELLE, J. *Reversed.*

*Crane, Crane & Erwin* and *J. J. Boucher,* for plaintiff in error.

*T. W. Blackburn, contra.*

ALBERT, C.

The petition in this case, omitting the formal parts, is as follows:

"1. Plaintiff for cause of action shows to the court that it is a corporation organized and doing business under and by virtue of the laws of the state of Missouri, and that defendant is a corporation organized and doing business under the laws of the state of Nebraska.

"2. That at the times hereinafter stated plaintiff sold and delivered to the defendant at defendant's special instance and request the following goods for which defendant agreed to pay the sums hereinafter stated, to-wit:

March 10, 1898, to 10 diamond cultivators at $10....$100
April 5, 1898, to 10 diamond disc cultivators at $15.. 150
April 9, 1898, to 6 diamond disc cultivators at $15... ˙ 90
April 15, 1898, to 6 diamond disc cultivators at $15.. 90
April 15, 1898, to 9 diamond disc cultivators at $15.. 135
April 30, 1898, to 5 diamond disc cultivators at $15.. 75
May 28, 1898, to 2 diamond disc cultivators at $15... 30
May 31, 1898, to 2 diamond disc cultivators at $15... 30
May 31, 1898, to 3 diamond disc cultivators at $15,.. 45
$745

"3. That on the 13th day of July, 1898, said defendant paid to this plaintiff on account of the foregoing, the sum of $25.64 and no more, for which sum the defendant has been given credit by this plaintiff, and there is now due and unpaid on account of the aforesaid sale of goods from defendant to plaintiff the sum of $719.36."

The answer upon which the case was tried, is as follows:

"Comes now the defendant, and leave of court first being obtained, filed this its amended answer to plaintiff's petition and denies each and every allegation contained therein not herein specifically admitted and denies specifically that plaintiff is a corporation and denies specifically that plaintiff is the real party in interest. Further answering defendant admits that at the time stated in plaintiff's petition, certain goods, wares and merchandise were shipped to defendant's order but denies that the goods set out in plaintiff's petition were shipped to defendant's order and denies that the goods shipped as stated in plaintiff's petition were of the kind and character ordered by the defendant. Defendant further specifically denies that it is indebted to the plaintiff in any sum whatsoever. Further answering and by way of counter-claim, defendant alleges that when its order was given for goods to the plaintiff, it was upon the implied warranty of plaintiff that said goods, wares and merchandise were constructed in a good, workmanlike manner and alleges that said goods, wares and merchandise so ordered were expressly guaranteed by plaintiff to perform the work for which they were intended in a satisfactory manner and plaintiff orally expressly warranted said goods in addition to said implied warranty, to be equal to the best of the kind in the market. Defendant further alleges that it received from this plaintiff or some one claiming to do business in the name of this plaintiff forty-three (43) diamond disc cultivators. Said cultivators being sent to defendant under defendant's order as hereinbefore stated with the implied warranty that they were constructed in a good workmanlike manner and that they were guaranteed to perform the work for which

they were intended in a satisfactory manner and upon the express warranty that same were equal to the best cultivators in the market. Said cultivators were each and .all returned to defendant by defendant's customers as worthless, as made in an unworkmanlike manner, as inadequate to the work for which they were intended and not equal to the best in the market. Said cultivators were constructed with weak beams and with the discs adjusted in an unworkmanlike manner so that they could not be readily adjusted and they failed, after trials in the field, made by defendant's customers, to perform the work of disc cultivators and especially these disc cultivators so failed to perform the work for which they were purchased and for which they were intended. Said cultivators are now held by the defendant subject to the order of the plaintiff and have been so held by the defendant since June 1, 1898. Defendant further alleges that it offered in good faith, according to the usages of the trade, to return to the plaintiff all of the cultivators hereinbefore mentioned and offered to pay the freight for returning same, and by letter proposed a formal tender of the return of said diamond disc cultivators which proposed formal tender was rejected. Plaintiff in writing having declined to consider the proposal or any proposition looking to the return of the cultivators or to accept any form of tender of the return of said cultivators. Defendant further alleges that by reason of the refusal of defendant's customers to retain and pay for the said forty-three (43) cultivators and by reason of their return to the defendant as useless, improperly constructed and not equal to the best cultivators in the market and not constructed in a good and workmanlike manner, defendant was unable to perfect its sales of said cultivators to each and all of said customers and was deprived of its reasonable profit on each and every cultivator sold. Defendant further alleges that by reason of said failure as aforesaid on the part of said cultivators to perform the work for which they were intended in a satisfactory manner and by reason of their

being returned to defendant as aforesaid, defendant was obliged to pay out divers sums as freight on said cultivators, said sums amounting to $65.77. Defendant further alleges that immediately upon being advised by its customers of the failure of said cultivators to perform the services for which they were intended and immediately upon being advised of the fact that same were not constructed in a good and workmanlike manner and not equal to the best cultivators in the market, defendant, according to the usage of the trade, notified plaintiff by telegram and by letter and frequently requested plaintiff to apply the necessary remedy and add to such cultivators such necessary appliances as would enable the defendant to compel said customers to retain each and all of said cultivators and to pay for same but said requests made by defendant upon plaintiff were by plaintiff ignored. Defendant further alleges that plaintiff refused absolutely to strengthen the beams of said cultivators and to provide appliances for adjusting said discs and to replace defective parts of said cultivators notwithstanding its implied warranty that said cultivators were constructed in a good and workmanlike manner and would perform the work for which they were intended in a satisfactory manner and the express warranty that said cultivators were equal to the best in the market. Plaintiff refused also to repay the defendant the amounts expended for freight and the damages sustained through plaintiff's negligence and plaintiff also refused to receive back the forty-three (43) cultivators and each of them and refused to credit the defendant with the prices charged for the forty-three (43) cultivators which cultivators are now held by defendant subject to plaintiff's order and which are worthless for trade purposes. Defendant further alleges that it was obliged to expend and did expend in and about the business of making the sales hereinbefore mentioned, the sum of $86, in which further sum it was damaged by reason of the conduct and negligence of plaintiff hereinbefore described. Defendant further alleges that it has been damaged in its business

reputation by reason of the facts hereinbefore stated and has suffered irreparable loss by reason of plaintiff's negligence and plaintiff's failure to comply with the terms and conditions set forth fully herein. Said damages being in the sum of $300, wherefore defendant claims damages in the sum of $365.77 and its costs herein expended for which defendant prays judgment."

The reply is a general denial. There was a verdict and judgment for the defendant for $62.41. The plaintiff brings error.

It was conceded on the trial that the ten diamond cultivators were satisfactory, and that the plaintiff was entitled to recover the price thereof. Hence, when we refer to the cultivators hereafter it will be understood that we refer to the diamond disc cultivators.

The plaintiff insists that the facts stated in the answer are insufficient to constitute a counter-claim. The answer falls far short of a model pleading, and had its sufficiency been challenged earlier in the case, we should have been disposed to hold it insufficient. But as it was first assailed at the close of the testimony, it should be construed liberally, and in the light of the entire record. *National Fire Ins. Co. v. Eastern Building and Loan Ass'n,* 63 Nebr., 698. Thus construed, we think it states a counter-claim.

It is not easy to determine from the answer whether the defendant intended to show an election to reject the cultivators because of their defects and recover damages for a breach of the contract of sale, or to rely on the express or implied warranty, and recoup his damages for a breach thereof. But as the former theory was submitted to the jury by the instructions of the court, and defendant now argues the case on that theory, the sufficiency of the record should be tested by it.

It is urged by the plaintiff that, after acceptance, the vendee has no right to return the goods for breach of warranty. Many authorities are cited in support of this proposition, none of which we consider in point. The rule contended for is subject to the qualification that such ac-

ceptance must be with knowledge of the defects, or after inspection or a reasonable opportunity therefor, unless the defects are latent. In this case there is evidence tending to show that the defects were in the nature of latent defects, and that the defendant properly tendered a return of the goods on discovering such defects. Under such circumstances, its previous acceptance of the goods was not a waiver of its right to return them for breach of warranty. The court instructed the jury, among other things, that the measure of the defendant's damages "would be the difference between the agreed price of $15 for each diamond disc cultivator, and the real value of such diamond disc cultivators." In view of the theory of the defense, and on which the case was submitted to the jury, this instruction is clearly erroneous. The difference in value stated would be an element of damage, had the defendant elected to accept the goods and recoup his damages in an action for the price; but, as we have seen, that is not the theory of the defense. The evidence shows that the defendant bought the goods for the purpose of resale to retail dealers, which purpose was known to the plaintiff at the time of the sale to the defendant; that a part of the goods were thus resold by the defendant before discovering the alleged defects; that because of such defects the goods thus sold were returned to the defendant by its customers, and the freight charges thereon paid by it; that in and about the making of such sales, the defendant necessarily incurred certain expenses. The court instructed the jury that such freight charges and expenses were proper elements of damage recoverable by the defendant. The plaintiff insists this was error. One argument advanced in this behalf is that the defendant having elected to reject the goods, the contract of sale was thereby rescinded, and the respective parties released from all liability thereon. But it seems to us that in this argument there is a failure to distinguish between a refusal to accept, or a return or offer to return goods not corresponding to the warranty, and a rescission of the contract of sale, and between an action

for breach of warranty and one for breach of contract. Such failure renders the argument confusing. In this case, there was a contract between the parties whereby the plaintiff was bound to deliver to the defendant goods warranted to be of a certain quality. According to the finding of the jury, as performance of its part of the contract the plaintiff tendered goods of an inferior quality. The defendant had the option to accept them and rely on the warranty, or to refuse them. Its election to adopt the latter course would not necessarily result in a rescission of the contract, nor in a release of the plaintiff from its obligation to perform its part of the contract according to its terms. On its failure thus to perform its part of the contract, there resulted a breach of contract, independent of a breach of the warranty, for which it is answerable in such damages as would reasonably be in contemplation of the parties as a result of such breach when the contract was made.

As to the measure of damages in cases of this kind, the general rule is that the injured party is entitled to recover such damages as naturally and reasonably result from a breach of the contract, or as may reasonably be supposed to have been in the contemplation of both parties when the contract was made. *Burr v. Redhead, Norton, Lathrop Co.*, 52 Nebr., 617, 620, and cases cited. The plaintiff knew the purpose for which the goods were bought, and must have known that carrying out such purpose would entail certain expense. It must be held to have known that the alleged defects, in all probability, would not be discovered until after the delivery of the goods to the defendant's customers, and the right of the defendant, under the contract, to return or offer to return the goods because of their failure to conform to the warranty. Such being the case, the reasonable expense incurred in making such abortive sales, as well as the reasonable cost of returning the goods to the defendant, must be held to have been in the contemplation of both parties to the contract at the time it was made, and consequently proper elements of damage. The

instructions on this point do not clearly limit the recovery, as to those items, to such expenses and charges as are reasonable. They are not complained of on this ground, but as the case must be retried, it is not out of place to suggest that the recovery for those items should be thus limited. There is another matter that should be noticed at this time. The defendant insists that the goods were worthless, and there is evidence to that effect. If such be the case, the defendant was under no obligation to return or offer to return the goods; and it would seem reasonable that from the time of discovering the worthlessness of the goods, as a reasonable person, the defendant should have incurred no expense in transporting them from one place to another for the purpose of returning or offering to return them to the plaintiff, so long as it was not required to do so in order to avail itself of its remedies under the contract. Such expenses thus incurred should not be permitted to swell the recovery in this case.

The plaintiff insists that the court should take judicial notice that the goods were of some value, and, in support of this position, cites *Case Threshing-Machine Co. v. Haven*, 65 Ia., 359, where the court held it would take judicial notice that a steam-thresher is of some value. We are not disposed to question that case, but, clearly, the rule should not be extended beyond such articles of personal property as are familiar to persons generally. The goods under consideration are not of that character, and it can not be said, as a matter of law, that they have any value.

Other questions are discussed, but they are not such as are likely to arise on another trial.

For the reasons pointed out, we recommend that the judgment of the district court be reversed, and the cause remanded for further proceedings according to law.

DUFFIE and AMES, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and

the cause remanded for further proceedings according to law.

REVERSED AND REMANDED.