## McCARTHY v. ELLERS.

(Supreme Court, Appellate Division, Second Department. July 27, 1905.)

1. SALES—BREACH OF WARRANTY—RECOVERY WITHOUT RESCISSION—DAMAGES.
   A buyer of a horse, carriage, and equipments for a lump sum under a contract of warranty of the horse cannot recover the amount paid on the death of the horse. shortly after the sale, from a disease with which it was afflicted at the time of the sale, without having offered to return the carriage and equipments. but can only recover the difference in the value of the articles with the horse as warranted and with the horse as it actually was.

2. SAME—SUIT BY BUYER TO RECOVER PRICE PAID—RETURN OF ARTICLES
BOUGHT.
    Where a buyer of a horse, carriage, and equipments for a lump sum,
    under a contract of warranty of the horse, sued to recover the price paid
    on the death of the horse from a disease from which it suffered at the
    time of the sale, without having offered to return the other articles, the
    court could not render judgment for the price, and order the buyer to re-
    turn the carriage and equipments to the seller, as the rescission by the
    buyer must be voluntary.

Appeal from Municipal Court of New York.

Action by Patrick McCarthy against George E. Ellers. From a
judgment for plaintiff, defendant appeals. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, RICH,
and MILLER, JJ.

Mitchell May, for appellant.

Walter W. Bahan, for respondent.

HIRSCHBERG, P. J. The judgment cannot be sustained. The
pleadings were oral, the plaintiff complaining "for return of. money
on guarantee on sale of a horse." The proof established that the
plaintiff had purchased from the defendant, for the lump sum of
$175, a horse, carriage, and equipments, including harness, and that
the sale was made upon the defendant's express warranty that the
horse was sound. The horse was afflicted at the time with chronic
heaves, and died from the effects of the disease shortly after the
sale. The judgment awards to the plaintiff the sum of $175 dam-
ages. The plaintiff retained possession of the carriage, harness,
and equipments, and never returned or offered to return them to
the defendant after the horse died. The plaintiff could doubtless
have rescinded the contract on the discovery of the breach of war-
ranty, and could have returned or have offered to return the proper-
ty, suing for a return of the entire purchase price; but he could not
recover that price while he retained a substantial portion of the
property purchased by him. If the action is to be regarded as one
for the damages sustained by the plaintiff because of the breach of
warranty, the recovery could not be for the purchase price as such,
but must be limited to the difference in the value of the articles
with the horse as warranted and with the horse as he actually was,
of which there was no proof. The cases cited by. the learned coun-
sel for the respondent (Brigg v. Hilton, 99 N. Y. 517, 3 N. E. 51, 52
Am. Rep. 63; Norton v. Dreyfuss, 106 N. Y. 90, 12 N. E. 428; and
Argersinger v. Macnaughton, 114 N. Y. 535, 21 N. E. 1022, 11 Am.
St. Rep. 687) undoubtedly sustain his contention that the purchaser
may. sue the vendor upon the breach of an express warranty which
survives acceptance without returning the purchased property, but
the remedy in those cases is upon the warranty for the damages in-
curred, and not by way of rescission for a return of the price paid.
But the purchaser cannot in the same action sustain a claim of a
return of the goods and rescission of the contract, and also for dam-
ages for breach of the warranty. See headnote Norton v. Dreyfuss,
supra, page 91 of 106 N. Y., page 429 of 12 N. E. It appears by
the return that the court in rendering judgment "ordered that the

carriage and harness in possession of plaintiff be returned to defendant." This was irregular and ineffective. The return must be the plaintiff's voluntary act if he elect to rescind, and if he elect to retain a portion of the property (assuming but without deciding that he may lawfully do so) the action must be confined to a claim for the damages.

The judgment should be reversed, and a new trial ordered. All concur.