(94 South. 588)

### TAYLOR et al. v. P. B. YATES MACHINE CO. (6 Div. 524.)

(Supreme Court of Alabama. Oct. 26, 1922. Rehearing Denied Dec. 7, 1922.)

**1. Sales ⬤➡425—After rescinding for breach of warranty, buyer cannot recover damages.**

Since there must be a subsisting contract to authorize recovery for breach of warranty, the buyer cannot maintain an action for breach of warranty after he exercises his right to rescind the contract and return the property.

**2. Sales ⬤➡404—Buyer can reject goods tendered as nonperformance of contract and sue for breach.**

A buyer can refuse to accept the goods tendered because they are not those called for by the contract without rescinding the contract, and thereafter recover his damages for the seller's failure to perform the contract.

**3. Sales ⬤➡426—Contract held to limit remedy for breach of warranty to return of the property.**

A contract for the sale of machinery, which provided that, in case of the rejection of the property, the buyer should return it to the seller, and that a retention of the property after 30 days should constitute acceptance, makes the return of the machine the sole remedy for breach of warranty as to its performance.

Appeal from Circuit Court, Jefferson County; J. Q. Smith, Judge.

Action by W. D. Taylor and another against the P. B. Yates Machine Company. After demurrer to plea 6 was overruled, plaintiffs took a nonsuit, and appealed. Affirmed.

Plaintiff sues for $5,000 "as damages for breach of a warranty in a contract entered into by and between plaintiffs and defendant on, to wit, April 29, 1919, for the sale of one secondhand planer and matcher, type No. 91, to be delivered to plaintiffs f. o. b. Hopkins, Ga.," for the price of $4,200, and the complaint alleges:

"As a part of said contract defendant warranted said planer and matcher to be in first-

class condition, to do work equal to new, no broken or missing parts, when in fact said planer and matcher was not in first-class condition, would not do work equal to new, and there were broken or missing parts (specifying); whereupon plaintiffs refused to accept said planer and matcher, and so notified the defendant, and subsequent thereto, on, to wit, June 18, 1919, at the request of said defendant plaintiffs shipped said planer and matcher to Birmingham, Ala., from White Plains, Ga., and paid thereon the freight charges. * * * "

The complaint then alleges heavy expenses in their efforts to use the machine, and in connecting and disconnecting it; also loss of profits on 500,000 feet of lumber which they had to sell undressed; also expenses in loading the machine on the cars for shipment to defendants at Birmingham.

The allegation is that all of said expenses and damages were proximately caused "by reason of said breach of warranty by the defendant as heretofore set out," and that plaintiffs were at all times ready, able, and willing to perform their part of the contract.

A demurrer to the complaint being overruled, defendant pleaded several special pleas, to each of which a demurrer was sustained, except as to plea 6, which is as follows:

"That the alleged breach of warranty, set forth in said count of said complaint, is alleged to have occurred for and on account of and to have been connected with the sale by the said defendant to the said plaintiff of one secondhand No. 91 planer and matcher; that the said proposed sale of the said planer and matcher arose from and was provided for in the certain order between the said parties referred to in said count of said complaint, which said contract is hereto attached; * * * that in and by one of the terms of the said order it was agreed by and between the said parties as follows: 'It is agreed that title to the property mentioned herein, and all subsequent additions thereto, shall remain in P. B. Yates Machine Company (the consignor) until fully paid for in cash; that in case of rejection of the property forwarded, or failure to pay as stated herein, undersigned (purchaser) shall at once return and deliver the property in good order to consignor f. o. b. cars at Beloit, Wis.; that a retention of the property forwarded after 30 days from date of shipment shall constitute a trial and acceptance, be a conclusive admission of the truth of all representations made by or for the consignor and void all its contracts of warranty, express or implied.' And defendant avers that the said plaintiff did reject the said property so forwarded to him in accordance with the terms of the said order, and did return the same to the said defendant at, to wit, Birmingham, Ala., which was a point acceptable to the said defendant, and that the said property was rejected on, to wit, June 1, 1919, and that such rejection was acceptable to and said property was received back by said defendant, wherefore said cause of action did not arise in regard thereto for or in behalf of the said plaintiff."

208 Ala.—34

By reason of the ruling of the court in overruling the demurrer to plea 6, plaintiffs took a nonsuit, as shown by the judgment entry.

The appeal is on the nonsuit under the statute, and the assignments of error relate to the sufficiency vel non of plea 6, as against the grounds of demurrer interposed.

Graham Perdue, of Birmingham, for appellants.

When there is a breach of a warranty made in the sale of goods, the buyer may either rescind the sale and refuse or return the goods, or accept and retain the goods and bring an action for breach of warranty, or, in an action by the vendor for the price, recoup by way of counterclaim damages for breach of the warranty. 9 Ala. App. 164, 62 South. 389; 159 Ala. 491, 49 South. 92; 133 Ala. 583, 32 South. 494, 91 Am. St. Rep. 54. The buyer of personal property may rescind the contract and recover the consideration paid for either fraud or deceit upon the part of the seller, operating to induce the purchase, or for a breach of a warranty made by the seller, whether express or implied. 11 Ala. App. 388, 66 South. 951. It is not necessary, as a condition precedent to a right of action for the breach of a warranty, that the article shall be returned to the seller, and the seller be put in statu quo, unless the contract, by its terms, requires the return of the article, if it should prove not to be as warranted. 1 Ala. App. 599, 56 South. 24.

Wood &. Pritchard, of Birmingham, for appellee.

Where the order for goods reserves to the purchaser the unqualified right of rejection, and such right is exercised as therein provided, he is not entitled to damages arising from the alleged breach of warranties in the order. 146 Ala. 542, 40 South. 951; 184 Ala. 272, 63 South. 567.

SOMERVILLE, J. [1] In the case of an executed contract of sale, the rule is settled in this state that, upon a rescission of the contract and return of the property by the purchaser, on the ground of breach of warranty, the purchaser has no right of action remaining for damages as for a breach of the warranty.

"There must be a subsisting contract to support an action for a breach of warranty. If the facts justify it, a buyer may rescind a contract and sue for the purchase money paid; or he may sue and recover damages for a fraud practiced upon him; or he may affirm the contract and maintain an action for breach of warranty. He cannot insist that a contract has been rescinded, and yet recover on the contract." Abraham Bros. v. Browder, 114 Ala. 287, 21 South. 818; Eason Drug Co. v. Montgomery, etc., Co., 186 Ala. 454, 65 South. 345.

In accord with this rule are numerous other authorities. Mundt v. Simpkins, 81 Neb. 1, 115 N. W. 325, 129 Am. St. Rep. 670; McCarthy v. Ellers, 107 App. Div. 219, 94 N. Y. Supp. 1109; Enterprise Soap Works v. Sayers, 51 Mo. App. 310; Smeesters v. Schroeder, 123 Wis. 116, 101 N. W. 363; Houser v. McKay, 53 Wash. 337, 101 Pac. 894, 27 L. R. A. (N. S.) 925, note.

[2] But—

"Where a purchaser refuses to receive property tendered to him under an executory contract of purchase, on the ground that such property does not comply with the warranty or with the contract in general, if the seller fails to tender property that does comply with the contract, the purchaser may recover whatever he has paid upon the purchase price, and also damages for the breach by the seller of his contract to furnish property of a certain description." 27 L. R. A. (N. S.) 929, editorial note, citing the authorities.

As there observed:

This "involves an entirely different principle * * * than that involved where the purchaser has rescinded or repudiated the contract of purchase for breach of warranty, as in such a case he terminates the contract, and, having terminated the contract, he could not assume the inconsistent position of also seeking damages for its breach, such damages being entirely different from damages which, under special circumstances, may be incident to the rescission of the contract. Where, however, as in the last cited cases, the purchaser does not rescind the contract, but merely refuses to receive the property tendered by the seller as complying therewith, he does not * * * terminate the contract, and may maintain an action to recover whatever he has paid thereon, as well as for damages growing out of the breach."

Some of the leading authorities which explain and exemplify this distinction are Kimball, etc., Co. v. Vroman, 35 Mich. 310, 24 Am. Rep. 558; Philadelphia, etc., Co. v. Detroit W. L. Wks., 58 Mich. 29, 24 N. W. 881; Puntency, etc., Co. v. Northwall Co., 66 Neb. 5, 91 N. W. 863; North Al. Salmon Co. v. Hobbs, etc., Co., 159 Cal. 380, 113 Pac. 870, 120 Pac. 27, 35 L. R. A. (N. S.) 501; Tompkins v. Lamb, 121 App. Div. 366, 106 N. Y. Supp. 6, affirmed in 195 N. Y. 518, 88 N. E. 1133.

"This cause of action, however, is not based on a breach of the warranty, but on the seller's failure to perform his contract." 24 R. C. L. § 510, p. 236; Puntency, etc., Co. v. Northwall, 66 Neb. 5, 91 N. W. 863.

Without noticing the distinction which we have pointed out just above, some courts, even in the case of a rescission of an executed contract, have allowed special damages to cover the purchaser's expenses reasonably incurred on account of the contract, particularly in attempting to use the property, and in caring for it while in his custody. Harvey v. Kendall, 2 La. Ann. 748; Berkcy v. Lefebure, 125 Iowa, 76, 99 N. W. 710; Kester Bros. v. Miller, 119 N. C. 475, 26 S. E. 115; Optenberg v. Skelton, 109 Wis. 241, 85 N. W. 356; Phares v. Jaynes Lumber Co., 118 Mo. App. 546, 94 S. W. 585.

[3] The action in the instant case is for a breach of warranty, and not for a failure to deliver to plaintiff a machine of the quality and condition stipulated for.

Defendant's plea 6 shows that the contract of sale was executory only, and required the prompt return of the machine if rejected by the purchaser for any cause, and that its retention by the purchaser after 30 days from the date of its shipment would be a conclusive admission of the truth of all representations made by the seller, and would annul all warranties express or implied. In other words, all warranties of quality, fitness, and condition were limited in their operation to the trial of the machine, and were serviceable only as a basis and justification for its rejection if the warranties were not satisfied on such trial.

This construction was given by this court to contracts substantially like the one now before us in the cases of Berlin Machine Wks. v. Marbury Lumber Co., 146 Ala. 542, 40 South. 951, and Berlin Machine Works v. Ewart Lumber Co., 184 Ala. 272, 63 South. 567.

The plea alleges a return of the machine by plaintiff and its acceptance by defendant, "wherefore said cause of action did not arise in regard thereto for or in behalf of said plaintiff."

We think it is entirely clear that, so far as any breach of warranty is concerned, the contract itself provided the exclusive remedy therefor, namely, the return of the machine to the seller; whereupon all warranties became functus officio. It results that the plea in question is a complete answer to the complaint in this action, and the demurrer thereto was properly overruled.

We do not decide (the question not being before us) that, under a complaint in general assumpsit, or for breach of a contract to deliver a machine of a certain description—the machine being rejected and returned to the seller because of noncompliance with contractual requirements, and in accordance with the terms of the contract—there could be no recovery of damages for expenses or losses which resulted proximately from the breach of the seller's executory undertaking and obligation. That question may arise hereafter, but it is not presented in this action for breach of warranty.

The judgment will be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.