(110 So. 396)

**P. B. YATES MACH. CO. v. TAYLOR et al.**
**(6 Div. 553.)**

(Supreme Court of Alabama. Oct. 28, 1926.
Rehearing Denied Nov. 26, 1926.)

**1. Sales ⊂⇒411—Complaint held to state cause of action for general and special damages for breach of contract to deliver machine in good condition.**

Complaint in action for breach of contract to deliver machine in first-class condition *held* to state cause of action, and not subject to demurrers as to special or general damages claimed.

**2. Appeal and error ⊂⇒1040(10), 1042(4)— Overruling demurrer to entire count good in part and refusing to strike improper allegations is not error; objections to evidence and request for instructions affording ample remedy.**

Court cannot be put in error for overruling demurrer to entire count, or refusing to strike improper allegations of damages not recoverable, as defendant could object to evidence supporting averments and request proper instructions eliminating them.

**3. Sales ⊂⇒412—Plea that retention of property after stated time would void all contracts of warranty held demurrable in suit for breach of contract to furnish machine in described condition.**

In action for breach of contract by failure to furnish machine in described condition, plea that plaintiffs' retention of property after 30 days from date of shipment would void all contracts of warranty *held* demurrable.

**4. Appeal and error ⊂⇒1078(3)—Errors in ruling on demurrers, not mentioned in argument of appellant's brief, are waived.**

Assigned error in ruling on demurrers, not mentioned in argument of appellant's brief, will be considered waived.

**5. Sales ⊂⇒412—Pleas of rescission and return of property, without averment of release of damages for breach, held insufficient in action for breach.**

In action for breach of contract to furnish property of certain description, pleas averring rescission of contract by parties and return of property by plaintiffs, without averring release of damages for breach prior to rescission, *held* insufficient.

**6. Trial ⊂⇒260(1)—Refusal of charges substantially covered by given charges is not error (Code 1923, § 9509).**

Refusal of charges, substantially and fairly covered by given charges, is not error, in view of Code 1923, § 9509.

**7. Trial ⊂⇒240, 251(5)—Refused charge that buyers must have rejected and returned machine immediately on discovering defects held argumentative and abstract.**

Charge that plaintiffs, to avail themselves of their rejection of machine delivered because of alleged defects therein, must have acted promptly, and, if aware of defects when unloaded, before any effort was made to place it in position, it was their duty to reject it at once

and return it to defendant as provided in contract, *held* properly refused as argumentative and abstract, in view of provision authorizing rejection and return within 30 days after shipment.

**8. Sales ⊂⇒421 — Trial ⊂⇒240, 252(13) — Charge to find for defendant if plaintiff rejected defective machine because of refusal to reduce purchase price held properly refused as misleading, argumentative, and inapplicable to evidence.**

In action for breach of contract to furnish machine in first-class condition, charge to find for defendant if plaintiff rejected machine because of refusal to reduce purchase price *held* properly refused as misleading, argumentative, and inapplicable to evidence showing that reduction was intended to cover defects.

**9. Appeal and error ⊂⇒1078(4)—Errors, not argued in brief, in refusing charges, are waived.**

Assignments of error to refusal of requested charges not argued in appellant's brief, are waived.

**10. New trial ⊂⇒76(3)—As respects right to new trial, damages awarded for breach of contract to deliver planer in good condition held excessive under instructions and evidence.**

As respects right to new trial, verdict for damages for breach of contract to deliver planer in first-class condition *held* in excess of amount warranted by evidence as limited by instructions not assigned as error.

**11. Appeal and error ⊂⇒719(7)—Charge limiting appellee's recovery, not assigned as error, is not reviewable (Code 1923, § 6091).**

Correctness of charge limiting appellee's recovery, not assigned as error, is not presented for review, under Code 1923, § 6091.

Appeal from Circuit Court, Jefferson County; John Denson, Judge.

Action by W. D. Taylor and another against the P. B. Yates Machine Company. Judgment for plaintiffs, and defendant appeals. Reversed and remanded conditionally.

The complaint is as follows:

"Plaintiffs claim of the defendant the sum of $5,000 as damages for the breach of a contract entered into by and between plaintiffs and defendant on, to wit, the 29th day of April, 1919, whereby defendant agreed to sell and deliver to plaintiffs a machine of the description and upon the terms and conditions as hereinafter set forth, to wit, one secondhand planer and matcher, type No. 91, to be delivered to plaintiffs, f. o. b. Hopkins, Ga., destination being White Plains, Ga., at and for the purchase price of, to wit, $4,200 on terms agreed upon in said contract, and as a part of said contract it was agreed that said planer and matcher was in first-class condition and would do work equal to new, and there were no broken or missing parts; and plaintiffs further allege that defendant breached said contract by failing to sell and deliver to plaintiffs a planer and matcher of said description in that said planer and matcher

was not in first-class condition, would not do work equal to new, and there were broken or missing parts, to wit, the sprocket wheel and chain thereon were broken and worn, some of the teeth in the gear wheel were broken, one of the pulleys had been lost or removed from the counter shaft, another pulley had spokes broken out of it, the feed table thereon was in unsuitable condition to be used, the babbitting therein was old and worn, and said planer and matcher was in a greatly worn condition and was not such a machine as defendants had agreed to sell and deliver to plaintiffs, whereupon plaintiffs refused to accept said planer and matcher and so notified the defendant, and subsequent thereto, on, to wit, June 18, 1919, at the request of said defendant, plaintiffs shipped said planer and matcher to Birmingham, Ala., from White Plains, Ga., and paid thereon the freight charges from White Plains, Ga., where said machine was located at the time the same was rejected by plaintiffs; and plaintiffs further allege that in and about their efforts to install said planer and matcher for operation, plaintiffs were put to much expense in and about hiring and paying for labor and were put to much expense by reason of not being able to operate and use said planer and matcher; and plaintiffs further allege that as a part of said contract defendant agreed to send at the expense of the plaintiffs a laborer or laborers for the purpose of assisting in installing said planer and matcher, which laborer or laborers said defendant did send, and plaintiffs either paid or became liable to pay a large sum of money on account of the expense of a laborer or laborers and services performed by them; and plaintiffs further allege that they spent large sums of money for labor and material in connecting up said planer and matcher with pipes or piping, and that after plaintiffs ascertained that said planer and matcher was not of the description agreed to be sold and delivered to plaintiffs by defendant, plaintiffs were forced to disconnect the same and to spend other large sums of money for labor and material in disconnecting said pipes or piping from said planer and matcher and connecting up the same with another planer and matcher which plaintiffs were compelled to buy; and plaintiffs further allege that they agreed to purchase said planer and matcher from defendant at said time for the purpose of dressing lumber, some of which plaintiffs had already sold, and of which facts defendant's sales agent, B. G. Williams, while acting within the line and scope of his authority, was informed by plaintiffs at the time said contract of sale was entered into, and that on account of said breach of contract by defendant and the unsuitableness of said planer and matcher for dressing said lumber, plaintiffs were forced to comply with the terms of said sales of lumber by delivering to purchasers rough lumber, to wit 500,000 feet, which plaintiffs could and would have dressed before the delivery thereof if said planer and matcher had been of the description agreed upon, and plaintiffs thereby lost profits they would have made in the shipment and sale of dressed lumber instead of rough lumber, and plaintiffs further allege that they paid on said planer and matcher the freight charges, amounting to a large sum of money, for the shipment of said planer and matcher from the point of delivery to the railroad at Hopkins, Ga., to place of destination, to wit, White Plains, Ga., and that plaintiffs were put to much expense in and about loading said planer and matcher for shipment to Birmingham, Ala.; and plaintiffs further allege that all of their aforesaid expenses and damages were proximately caused by reason of said breach of contract by defendant in that defendant failed to sell and deliver to plaintiffs a planer and matcher of the description agreed upon in said contract, all to plaintiffs' great damage as aforesaid.

Pleas 3, 4, 5, and 6 are as follows:

"(3) For further answer to the complaint, defendant says that in and by the terms of the contract sued on, it was agreed between the plaintiffs and defendant that the property described in the complaint, and all subsequent additions thereto, should remain the property of the defendant until fully paid for in cash; that in case of rejection of said property, or failure to pay for same, that the plaintiffs should at once return and deliver the property in good order to the defendant, f. o. b. at Beloit, Wis.; that a retention of said property by the plaintiffs after 30 days from the date of shipment would constitute a trial and acceptance, and be conclusive admission of the truth of all representations made by the defendant, and void all contracts of warranty, expressed or implied. And defendant alleges before the expiration of the 30 days after the shipment of said property or machinery, the plaintiffs rejected the same, as they were entitled to do under said contract, and delivered said property back to the defendant before the expiration of 30 days from the date of receipt of the property by the plaintiffs.

"(4) Defendant adopts the allegations of plea No. 3, and adds thereto, as a part thereof, the following: And defendant alleges that after the shipment of said property by the defendant to the plaintiffs, the plaintiffs and defendant entered into an agreement by which the said contract sued on was rescinded and said property redelivered to the defendant.

"(5) Defendant alleges that after the execution of said contract sued on, and after the delivery of the machinery therein described to the plaintiffs, the plaintiffs and the defendant entered into an agreement to rescind said contract, and under the terms of said agreement of rescission, the plaintiffs redelivered said property to the defendant, and the title to said property did not pass out of the defendant into the plaintiffs.

"(6) Defendant alleges that it was provided in substance in the contract sued on that the plaintiffs had the right, for 30 days to try said machinery described in the complaint, and that within said time had the right to accept or reject same, and defendant alleges that within the said 30 days the plaintiffs elected not to take said machinery, but to return same under the terms of said contract."

These charges were refused to defendant:

"(25) In order for the plaintiffs to avail themselves of the rejection of the machinery on account of the alleged defects therein, they must have acted promptly, and if the plaintiffs became aware of the defective condition of the machinery at the time same was unloaded at White Plains, Ga., and before any effort was made to place the same in position, then it was the duty of the plaintiffs to at once reject the machinery

and return same to the defendant as provided in the contract."

"(29) If the jury believe from the evidence that the plaintiffs rejected said machine for the reason that the defendant refused to make a reduction of $1,000 in the purchase price thereof, then the jury must find for the defendant."

Ritter, Wynn & Carmichael, of Birmingham, for appellant.

Special damages can be recovered only when they are specially pleaded. Danforth v. Tenn. & C. R. R. Co., 99 Ala. 331, 13 So. 51; Irby v. Wilde, 150 Ala. 402, 43 So. 574; Pollock Co. v. Gantt, 69 Ala. 376, 44 Am. Rep. 519; Hooper v. Armstrong, 69 Ala. 343. Special damages for breach of contract, to be recoverable, must be such as were in contemplation of the parties at the time of making the contract. 17 C. J. 1004.

Graham Perdue, of Birmingham, for appellees.

The complaint states a good cause of action ex contractu. 13 C. J. 714; Hart v. Steele (Ala.) 10 So. 243; Sibley v. Barclay, 14 Ala. App. 422, 70 So. 201; Bellview Cemetery Co. v. Faulks, 6 Ala. App. 137, 60 So. 461. Allegations as to damages were sufficient. King Land & Improvement Co. v. Bowen, 7 Ala. App. 462, 61 So. 28; Goldstein v. Self, 9 Ala. App. 100, 62 So. 370; Bixby-Theison Co. v. Evans, 167 Ala. 431, 52 So. 844, 29 L. R. A. (N. S.) 194, 140 Am. St. Rep. 47; Horace Turner & Co. v. Munson S. S. Line, 16 Ala. App. 223, 77 So. 63; Dickson v. Ala. Mach. & Supply Co., 17 Ala. App. 195, 84 So. 417.

MILLER, J. This is an action by W. D. Taylor and Farrett Taylor, doing business as partners under the name of Taylor Bros., against P. B. Yates Machine Company, a corporation, for damages for the breach of a contract, claiming general and special damages. There was a verdict for the plaintiff, and from a judgment thereon by the court this appeal is prosecuted by the defendant.

It appears this action was first brought by plaintiff against defendant on this contract for damages for breach of a warranty, and it came to this court. See Taylor v. Yates Machine Co., 208 Ala. 528, 94 So. 588.

[1] There is one count in this complaint. It is alleged that by the contract defendant agreed to sell and deliver to the plaintiff "one secondhand planer and matcher, type No. 91," for $4,200, on terms agreed upon, and "that said planer and matcher were in first-class condition and would do work equal to new, and there were no broken or missing parts"; and defendant breached said contract in that the planer and matcher delivered to plaintiff were not "in first-class condition, would not do work equal to new, and there were broken or missing parts." It then describes the broken or missing parts. The plaintiff refused to accept it, so

notified the defendant, and, at the request of the defendant, plaintiff shipped the same to Birmingham, Ala.

[2] The plaintiff in the count by averments claimed general and special damages. Demurrers of the defendant were overruled by the court to this count. In this ruling of the court there was no error. It states a cause of action. 13 C. J. p. 714, § 8273; Taylor v. Yates Machine Co., 208 Ala. 528, 94 So. 588, and authorities there cited. It alleges the contract; avers its breach by defendant and the damages sustained. It is not subject to the demurrers as to the special or general damages claimed. If the count contained improper allegations, with respect to damages for which no recovery could be had, the court would not be put in error for overruling the demurrer to the entire count, pointing them out, nor for refusing to strike them from the count, because it was open to the defendant to object to the evidence introduced to support the averments, and they could, if improperly claimed, be eliminated by requesting proper instructions of the court to the jury. Vandiver v. Waller, 143 Ala. 411, 39 So. 136; Plylar v. Jones, 207 Ala. 372, headnote 3, 92 So. 445; National Surety Co. v. O'Connell, 202 Ala. 684, 81 So. 660. This machine was to be used in dressing lumber.

[3] Plea 3 was subject to demurrers, and the court did not err in sustaining demurrers to it. This is a suit for damages for breach of the contract—failure to furnish property of a certain description. The property under the complaint was returned because it failed to come up to the requirements of the contract, and this plea is no answer to those averments in the complaint, See Taylor v. Yates Machine Co., supra. This is not a suit for breach of warranty in the contract, but for failure to perform this executory contract as agreed.

[4, 5] The court sustained demurrers to pleas 4, 5, 6, and 9. We cannot find where the ruling on demurrers to plea 9 was mentioned in argument of brief of the defendant, so this assigned error will be considered waived by the defendant. Park v. Whitfield, 210 Ala. 18, headnote 14, 97 So. 68. These pleas 4, 5, and 6 set up, or attempt to set up, a rescission by the parties of the contract, and a return of the property by the plaintiff to the defendant; but it fails to aver a release by plaintiff of the damages for its breach occurring prior to the rescission. They are each insufficient, as they aver no fact to prevent a recovery by plaintiff for damages for the breach of the contract alleged in the complaint. It must be remembered this suit is not for damages for breach of the warranty in the contract. See Taylor v. Yates Machine Co., supra, and authorities there cited. It results the court did not err in sustaining demurrers to pleas 4, 5, and 6.

[6] The same rule of law attempted to be or which was stated in defendant's refused written charge No. 13 was substantially and fairly given to the jury by the court in its general charge and in given charge No. 14, which was requested by defendant. So the court did not err in refusing charge No. 13. Section 9509 of the Code of 1923.

[7] The court refused written charge No. 25, requested by the defendant, and in this there was no error, because it is argumentative, and under the written contract the plaintiff was given the right to make a trial of the machine for 30 days, and plaintiff had, under the contract, at any time within 30 days after the machine was shipped, to reject and return it. Taylor v. Yates Machine Co., supra. The principle of law stated, or attempted to be stated, in defendant's refused charge No. 19, was fairly and substantially covered by written ·charges No. 17–A and 18–A, given by the court at the request of the defendant. So for this and probably other reasons, there was no error in refusing charge 19. Section 9509 of the Code of 1923.

[8] The court refused to give written charge No. 29, requested by the defendant, and in this there was no error. It is misleading, argumentative, and inapplicable to the evidence. There was evidence that defendant's agent asked plaintiff what they would keep the machine for—what they would ask to take off of it, and he was told they would keep it at a reduction of $1,000 in the price; that "it would have cost about $1,000 to have remedied the defects complained of." It clearly appears from the testimony that the $1,000 reduction in price was intended to cover the defects in the machine.

[9] There are many other written charges requested by the defendant that were refused, which are assigned as error. We have considered only those argued in the brief of the appellant. The others, not argued, were waived. Morgan v. Virginia-Carolina Chemical Co., 213 Ala. 551, headnote 5, 106 So. 136.

[10] The defendant filed motion for a new trial. It was overruled by the court. The appellant insists the court erred in this ruling, because the verdict of the jury is excessive, which is a ground stated in this motion. The plaintiff claimed and proved that it had contracts, known to the defendant, when their contract was made, to plane, ship and sell 500,000 feet of lumber, and on account of the breach of this contract they had to ship this lumber undressed to their vendees, and the difference in freight on dressed and undressed lumber, paid by them, was $2.50 per thousand.

[11] The court, at the request of the defendant, gave written charge No. 40, which reads as follows:

"If the jury believe the evidence they cannot award the plaintiff as damages the difference in freight between the rates charged for dressed and rough or undressed timber."

This eliminates $2.50 per thousand damages for the difference in freight on about 500,000 feet of dressed and undressed lumber, which amounted to about $1,250. The correctness of this charge is not presented for review. It is not assigned as error by the plaintiff. See section 6091 of the Code of 1923. With this claim for damages stricken by the court from the consideration of the jury, the total damages, general and special, shown by the testimony, amounted in the aggregate to $1,122.54. The verdict of the jury was for $1,894.06. It is clearly excessive, under the charge of the court and the testimony, to the amount of $1,894.06 minus $1,122.54—equals $771.52.

The court should have granted the motion for the new trial, unless the plaintiff consented for the amount of the judgment to be reduced from $1,894.06 to $1,122.54. The judgment will be reversed and the cause remanded, unless the plaintiff consents, in writing filed in this court, within 15 days from this date, for the amount of the judgment to be reduced to $1,122.54. The plaintiffs, appellees, are taxed with the cost of this court.

Reversed, and remanded conditionally.

SAYRE, GARDNER, and BOULDIN, JJ., concur.